948 So.2d 249 (2006)
PATRIOT AMERICAN HOSPITALITY PARTNERSHIP, LP
v.
MISSISSIPPI LAND HOLDINGS, INC., Formerly known as Convention Center Boulevard Hotel, Inc., Convention Center Boulevard Hotel, Limited, CFP-Riverfront Hotel Partners, L.P., Crow Family, Inc., Darryl D. Berger, Roger H. Ogden, et al.
No. 2006-CA-0601.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 2006.
*250 James R. Swanson, Loretta G. Mince, Lance C. McCardle, Correro Fishman Haygood Phelps Walmsley & Casteix, New Orleans, LA, for Patriot American Hospitality Partnership, L.P.
Michael A. Patterson, Adrian G. Nadeau, Katherine G. Eckert, Long Law Firm, L.L.P., Baton Rouge, LA, for Schrenk & Peterson Consulting Engineers, Inc.
Victor E. Stilwell, Jr., Joseph L. McReynolds, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, LA, for Lyons & Hudson Architects, Ltd.
(Court composed of Judge Charles R. Jones, Judge Dennis R. Bagneris, Sr., Judge Terri F. Love).
TERRI F. LOVE, Judge.
This appeal arises from a dispute involving the sale of the Wyndham Hotel located at 701 Convention Center Boulevard in New Orleans. Patriot American Hospitality Partnership, L.P. purchased the hotel in 1997 and subsequently discovered extensive termite damage in weight bearing columns. It then sued the previous owners and businesses involved in a previous renovation. Lyons & Hudson Architects, Ltd. and Schrenk & Peterson Consulting Engineers, Inc. claimed that the suit was perempted due to the time limitations set forth in La. R.S. 9:5607. The trial court dismissed both parties without prejudice finding that the peremptive period of La. R.S. 9:5607 applies. Patriot American Hospitality Partnership, L.P. filed a motion for a new trial. The trial court denied the motion. We find that the peremptive period set forth in La. R.S. 9:5607 applies to the case sub judice and affirm the decision of the trial court.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On December 16, 1997, Patriot American Hospitality Partnership, L.P. ("Patriot") purchased the Wyndham Hotel ("the Hotel") from Mississippi Land Holdings, Inc. (formerly known as Convention Center Boulevard Hotel, Inc.); Convention Center Boulevard Hotel, Limited; CFP-Riverfront Hotel Partners, L.P.; and Crow Family, Inc. (hereinafter referred to as "the Crow Entities"). From 1995 to 1996, the owners hired several businesses to complete a massive renovation project on the over one-hundred year old rice warehouse, which included adding two new wings. The Crow Entities discovered and repaired some termite damage. In 1996, the Crow Entities accepted possession of the remodeled structure and subsequently sold it to Patriot.
However, in 2003, Patriot began investigating the structural integrity of the building. Patriot found extensive damage to the columns and beams in the original structure that existed during the renovation. The termite damage compromised the structural integrity of the building and resulted in the closure of the Hotel for repairs. Patriot sold the Hotel in 2005.
On September 20, 2004, Patriot filed a petition against the Crow Entities; Darryl Berger; Roger Ogden; W.S. Bellows Construction *251 Corporation; and Lyons & Hudson Architects Ltd. ("Lyons") alleging that they knew of the extensive pre-renovation damage and did not repair it. Patriot then amended its petition on November 5, 2004, to add Arrow Pest Control of New Orleans and Schrenk & Peterson Consulting Engineers, Inc. ("Schrenk") as defendants.
Schrenk, the engineers of the renovation, filed a peremptory exception of peremption, based on La. R.S. 9:5607, and claimed that any claims were perempted within five years of the owner taking possession of the completed renovation; thus, in the case sub judice, 2001. Lyons, the architects involved in the renovation, then filed an exception of no cause of action or alternatively a motion for summary judgment based on the same peremptive period contained in La. R.S. 9:5607. Lyons filed an exception of no cause of action, no right of action, motion for summary judgment, or partial summary judgment.
The trial court sustained Lyons' exception of no cause of action or motion for summary judgment and granted Schrenk's peremptory exception of peremption. Further, the trial court held that Patriot's demands and causes of action against Lyons and Schrenk (hereinafter referred to as "the Defendants") were perempted by La. R.S. 9:5607. The trial court dismissed all claims against the Defendants without prejudice and ordered each party to bear its own costs.
Patriot filed a motion for a new trial. The trial court denied Patriot's motion and adopted the following pleadings as its reasons for judgment: Schrenk's opposition to Patriot's motion for a new trial, Lyons' opposition to Patriot's motion for a new trial, and Lyon's sur-reply. Patriot's timely devolutive appeal followed.
Patriot asserts that the trial court erred by holding that La. R.S. 9:5607 perempts its claims against the architect and engineer involved in the renovation based on the premise that its property right vested prior to the enactment of La. R.S. 9:5607.

STANDARD OF REVIEW
Appellate courts review peremptory exceptions by reviewing the entire record "to determine whether the trial court was manifestly erroneous with its factual conclusions." Roadhouse Bar-B-Que, Inc. v. Certain Underwriters At Lloyds, 04-1697, p. 5 (La.App. 3 Cir. 5/4/05), 909 So.2d 619, 623, quoting Parker v. Buteau, 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127, 129.
A trial court's denial of a motion for a new trial will only be reversed upon a finding of an abuse of discretion. Raiford v. U.S. Indus./Ames Lawn & Garden Tools, 05-0815, p. 10 (La.App. 4 Cir. 5/3/06), 929 So.2d 288, 294.

PEREMPTION
The exception of no cause of action is a peremptory exception. La. C.C.P. art. 927. "The peremptory exception may be pleaded at any stage of the proceeding." La. C.C.P. art. 928. If amendment of the petition can cure the basis for the peremptory exception, the trial court "shall order such amendment within the delay allowed by the court." La. C.C.P. art. 934. "Peremption may not be renounced, interrupted, or suspended." La. C.C. art. 3461.

Retroactivity of La. R.S. 9:5607
Patriot contends that its cause of action accrued when it purchased the Hotel in 1997, which dictates that the applicable peremptive period is ten years, pursuant to the version of La. R.S. 9:2772 effective in 1997. The Defendants counter that the cause of action did not accrue until Patriot discovered the termite damage in late 2003, which dictates an applicable peremptive period of five years from the date the *252 owner accepted the renovated property pursuant to La. R.S. 9:5607. La. R.S. 9:5607 became effective on July 1, 2003, and reads, in pertinent part:
A. No action for damages against any professional engineer . . . or any professional architect . . . whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:
(1) The date of registry in the mortgage office of acceptance of the work by the owner;
. . .
C. The five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
D. The provisions of this Section shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545.
The Louisiana Revised Statutes are not applied retroactively "unless expressly so stated." La. R.S. 1:2. The Louisiana Civil Code also provides guidance regarding the retroactivity of laws in La. C.C. art. 6, which reads:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
The legislative expression exhibited in La. R.S. 9:5607 states that it supersedes the provisions of La. R.S. 9:2772. However, it does not specifically reflect whether the peremptive period is meant to supersede La. R.S. 9:2772 by applying retroactively. Accordingly, we must determine whether La. R.S. 9:5607 is a substantive or procedural change. Davis v. Willis-Knighton Med. Ctr., 32,193, p. 3 (La.App. 2 Cir. 8/18/99), 738 So.2d 1191, 1193.
"[S]tatutes of limitation are remedial in nature and as such are generally accorded retroactive application." Lott v. Haley, 370 So.2d 521, 523 (La.1979); Saucier v. Drs. Houston, Roy, Faust & Ewin, 446 So.2d 877, 878 (La.App. 4th Cir.1984). Although La. C.C. art. 6 states that procedural and interpretive laws apply prospectively and retroactively, it is "subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights." Lott, 370 So.2d at 523.
"Under Louisiana law, a cause of action accrues when a party has the right to sue." Landry v. Avondale Indus., Inc., 03-0719, 03-0993, 03-1002, p. 4, (La.12/3/03), 864 So.2d 117, 122, quoting Bourgeois v. A.P. Green Indus., Inc., 00-1528, p. 9 (La.4/3/01), 783 So.2d 1251, 1259. Fault, causation, and damages are required for a cause of action to exist. Owens v. Martin, 449 So.2d 448, 450-51 (La.1984). "Once a party's cause of action accrues, it becomes a vested property right that may not constitutionally be divested." Cole v. Celotex, 599 So.2d 1058 (La.1992).
Patriot argues that it suffered damage in 1997 when it purchased the Hotel as opposed to late 2003, when it discovered the structural damage caused by termites. *253 Patriot relies upon jurisprudence regarding long latency asbestos related diseases to support its contention that it suffered damage when it purchased the Hotel. See Austin v. Abney Mills, Inc., 01-1598, pp. 26-27 (La.9/4/02), 824 So.2d 1137, 1154-55; Cole, 599 So.2d at 1068.
We find Patriot's jurisprudence distinguishable. Discerning the date of damage from alleged pre-purchase termite damage is not as complex as determining the dates of asbestos exposure sufficient to cause an asbestos related disease, which fact the above-cited cases relied upon in determining that damage occurred to those plaintiffs when they received substantial asbestos exposure. Louisiana jurisprudence regarding property damage has held that the "effects of excessive settlement did not become `damage' until it was discovered." Korossy v. Sunrise Homes, Inc., 94-473 (La.App. 5 Cir. 3/15/95), 653 So.2d 1215, 1226. Referring to the discovery of termite damage, James Pest Control, Inc. v. Scottsdale Ins. Co., 99-1316 (La.App. 5 Cir. 6/27/00), 765 So.2d 485, 491, held that "the effects of the termite infestation . . . did not become `damage' until it was discovered."
This Court examined the discovery of property damage and how that date affected a plaintiff's cause of action. 639 Julia St. Partners v. City of New Orleans, 02-0777 (La.App. 4 Cir. 11/13/02), 830 So.2d 1131. In 639 Julia, the plaintiff purchased a building in 1985. Id. at pp. 1-2, 830 So.2d at 1132. In 1987, cracks started forming in the building. Id. at p. 2, 830 So.2d at 1132. The plaintiff filed a petition in 1998 attributing the cracks to the settlement of its building. Id. However, it later determined that trees planted by the City of New Orleans were the cause of the cracks. Id. In determining which version of La. C.C. art. 2324 applied, this Court examined when the cause of action accrued. 639 Julia, 02-0777, p. 5, 830 So.2d at 1134. The plaintiff admitted that it "did not acquire or could not have acquired the knowledge of what was the cause of their property damage until 1998." Id. While this Court acknowledged that the "single wrongful conduct was the negligent selection and planting of the red oak trees," we also held that it was not latent and was "continuing only in the sense of the gradual tree growth." Id., at p. 6, 830 So.2d at 1135. Thus, this Court determined that the cause of action arose in 1998. Id.
In the case sub judice, Patriot admits that they did not acquire or could not have acquired knowledge of the alleged pre-existing termite damage until 2003. While the alleged tort was latent in that they allege that the termite infestation did not continue, this case does not rise to the level of complexity regarding the determination of the accrual of damages like that in Patriot's referenced asbestos cases. Patriot did not acquire the right to sue until it discovered the damage in 2003.
Accordingly, we find that the trial court was not manifestly erroneous in its factual conclusions that Patriot did not suffer damage until 2003; therefore, the peremptive period from La. R.S. 9:5607 applies.

MOTION FOR A NEW TRIAL
A motion for a new trial "may be granted, upon contradictory motion of any party or by the court." La. C.C.P. art. 1971. The trial court must grant a new trial when the "judgment appears clearly contrary to the law and the evidence." La. C.C.P. art. 1972. We find that the trial court did not abuse its discretion by denying Patriot's motion for new trial as nothing could cure peremption.

DECREE
For the above-mentioned reasons, we find that the peremptive period set forth in *254 La. R.S. 9:5607 applies and affirm the decision of the trial court.
AFFIRMED.