982 So.2d 837 (2008)
Harry LEE, Sheriff of the Parish of Jefferson and Jefferson Law Enforcement District
v.
PROFESSIONAL CONSTRUCTION SERVICES, INC., Swager Communications, Chi S. Lee, Beta Testing & Inspection, LLC, Can USA, Inc. and KLL Consultants, Inc. d/b/a Krebs, Lasalle, Lemieux Consultants, Inc.
No. 07-CA-865.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*838 Edmund W. Golden, Kenneth C. Fonte, John A. Kopfinger, Jr., Attorneys at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Maura Z. Pelleteri, Charles B. Long, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Plaintiffs Harry Lee, Sheriff of the Parish of Jefferson (Sheriff Harry Lee), and Jefferson Law Enforcement District (JLED) appealed a judgment sustaining the exception of peremption filed by KLL Consultants, Inc. d/b/a Krebs, LaSalle, LeMeiux Consultants, Inc. (KLL) and dismissing the plaintiffs' claims against KLL with prejudice.[1] The plaintiffs took a timely devolutive appeal. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL HISTORY
This appeal arises from a petition for damages filed by Sheriff Harry Lee and JLED on August 28, 2006 against Professional Construction Services, Inc. (PCS), Swager Communications, Chi S. Lee, Beta *839 testing and inspection, LLC, Can USA, Inc., and KLL. Sheriff Harry Lee and JLED alleged that on August 29, 2005, the defendants' improper design, fabrication, and construction caused a replacement radio communication antenna tower (replacement tower) to collapse during Hurricane Katrina.
KLL, a professional engineer, filed an exception of peremption. It relied on La. R.S. 9:5607(A)(1), which provides for a five-year peremptive period for damage actions against a professional engineer, within five years from "[t]he date of registry in the mortgage office of acceptance of the work by owner." This provision was added by 2003 La. Acts, No. 854, § 1.
KLL asserted that the date of registry in the mortgage office of acceptance of the work by the owner was October 15, 1998. As such, the August 28, 2006 suit was filed beyond the five-year period.
The plaintiffs filed a response in which they characterized the claim as a warranty claim rather than a claim against an engineer for professional services. They assert they have a substantive vested right of warranty, which began in 1998 upon completion of the tower. They argue that any subsequent peremptive statutes would have to be applied retroactively and therefore would violate La. Const. art. VII, § 15. The article pertinently provides:
The Legislature shall have no power to release, extinguish, or authorize the releasing or extinguishing of indebtedness, liability, or obligation of a corporation, or individual to the state, a parish or a municipality.
The exception was submitted to the trial court on briefs, arguments, stipulations, and supporting documentation. The parties stipulated to a joint exhibit  the engineering contract between KLL and Jefferson Parish. They also stipulated that KLL is a professional engineer. And they stipulated that William Hansel, the project engineer, is a civil engineer.
The joint contract exhibit indicates the following. Resolution No. 82549, adopted on July 17, 1996 by the Jefferson Parish Council, ratified the contract with KLL "to provide engineering services for the design of a self-supporting tower for the Jefferson Parish radio system." The purpose of the contract was to provide "engineering services for the design of a 400' self-supporting solid rod tower for the Parish of Jefferson's radio system located at 1887 Ames Boulevard." The contract was designated as an "Engineering Agreement." The agreement was entered into on August 6, 1996 between the Parish and KLL as the engineer. It detailed the duties of the engineer, which included preparing detailed construction plans, specifications, and contract documents. The engineer had the obligation of providing a competent project engineer and assistants as may be required to administer the construction contract and to observe and inspect the materials and construction procedures at the site of the work as it progressed. The engineer was required to maintain at all times a valid Louisiana Engineering License. It further provided:
The professional and technical adequacy of designs, drawings, specifications, documents, and other work products furnished under this AGREEMENT will be conducted in a manner consistent with that level of care and skill ordinarily exercised by members of the profession. Where OWNER must have work done by a change order or addition resulting from an error or omission by the ENGINEER, ENGINEER shall provide, at no costs to OWNER, all professional services attributable to the change order. This is in addition to OWNER's right to recover from ENGINEER damages *840 for ENGINEER's errors and omissions.
The engineer warranted that he had not employed or retained any company or person other than a bonafide employee working solely for the consultant to solicit or secure the contract. The agreement "shall be binding upon successors and assigns for the parties hereto."

ANALYSIS
"Peremption is a period of time fixed by law for the existence of a right." La. C.C.P. art. 3458. "Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." Id. When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. State Through Div. of Admin. v. McInnis Bros. Const., 97-0742 (La.10/21/97), 701 So.2d 937, 939. "Peremption may be pleaded or it may be supplied by a court on its own motion at any time prior to final judgment." La. C.C.P. art. 3460. "Peremption may not be renounced, interrupted, or suspended." La.C.C. art. 3461.
The peremption exception is considered a peremptory exception. Denham Springs Economic Development Dist. v. All Taxpayers, Property Owners and Citizens of Denham Springs Economic Development Dist., 05-2274 (La.10/17/06), 945 So.2d 665, 680; La.C.C.P. art. 927. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267 (citation omitted). Peremption, however, has been likened to prescription; namely, that it is prescription that is not subject to interruption or suspension. Flowers, Inc. v. Rausch, 364 So.2d 928, 931 (La.1978).
As such, it follows that the following rules governing the burden of proof as to prescription apply to peremption.
If prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. (citations omitted).
The outcome of this case turns on two factors. First, it turns on the determination of the nature of the contract; namely, whether the engineering contract is a contract of warranty or a contract for professional services. Second, it turns on whether the plaintiffs' claim vested before the 2003 enactment of R.S. 9:5607 and therefore R.S. 9:5607 could only be applied retroactively in violation of La. Const. art. VII, § 15.[2] The trial judge evidently reviewed the contract and found it was a contract for professional engineering services rather than warranty and that plaintiffs' rights had not vested before the 2003 enactment of R.S. 9:5607. Therefore, the peremptive period from La. R.S. 9:5607 applied. For the following reasons, we find no manifest error in that determination.
The instant contract did not contain any warranties guaranteeing KLL's performance. It provided that KLL agreed to conduct the work in a manner consistent with that level of care and skill ordinarily *841 exercised by members of the profession. Thus, the contract was a contract for professional engineering services. This is the type of contract contemplated by R.S. 9:5607, which provides in pertinent part (emphasis added):
A. No action for damages against any professional engineer, surveyor, engineer intern, surveyor intern, or licensee as defined in R.S. 37:682, or any professional architect, landscape architect, architect intern, or agent as defined in R.S. 37:141, or professional interior designer, or licensee as defined in R.S. 37:3171, or other similar licensee licensed under the laws of this state, or real estate developer relative to development plans which have been certified by a professional engineer or professional architect, whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:
(1) The date of registry in the mortgage office of acceptance of the work by owner[.]
. . . .
C. The five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
D. The provisions of this Section shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545 . . . 
The plaintiffs argue that their claim vested before 2003 when the statute was enacted and that other 10-year statutory provisions apply. Plaintiffs contend that the 10-year warranties provided in La. C.C. art. 2762 and La.C.C. art. 2772 which were in effect at the time the 1998 certification of completion was filed, govern.
La.C.C. art. 2762 provides for the liability for damages due to badness of workmanship as follows:
If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks.
This provision, however, was superceded by R.S. 9:5607(D).
The plaintiffs also argue that the 2003 version of La.C.C. art. 2772 cannot be applied to them as well because its application is constitutionally prohibited by La. Const. art. VII, § 15. The article currently provides a five-year peremptive period after the date of registry in the mortgage office of acceptance of the work by the owner for actions which include those "against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property." La. C.C. art. 2772(A), (A)(1)(a) and (B). KLL, however, did not assert peremption based on this article. We note that Article 2772 originally had a 10-year period when it was added by 1964 La. Acts, No. 189, § 1. In 1999, the period was decreased to seven *842 years by 1999 La. Acts, No. 1024, § 1. The period was shortened to five years in 2003 by 2003 La. Acts, No. 919, § 1. Finally, this provision, however, was superceded by R.S. 9:5607(D).
Having found that the contract was a contract for professional engineering services governed by R.S.9:5607, we next determine whether its application to the plaintiffs would impair vested rights. On this issue, we find Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc., 06-0601 (La.App. 4 Cir. 12/13/06), 948 So.2d 249, 250 controlling.
The Patriot plaintiff purchased a hotel in 1997 and later discovered extensive termite damage in weight bearing columns. It then sued the previous owners and businesses involved in a previous renovation. The architects and engineers claimed that the suit was perempted due to the time limitations set forth in La. R.S. 9:5607. The trial court dismissed both parties without prejudice finding that the peremptive period of R.S. 9:5607 applied. The Fourth Circuit agreed and affirmed the decision.
Patriot argued that it suffered damage in 1997 when it purchased the hotel as opposed to late 2003, when it discovered the structural damage caused by termites. Thus, the applicable peremptive period was 10 years, pursuant to the version of La. R.S. 9:2772 effective in 1997. On the other hand, the defendants asserted that the cause of action did not accrue until Patriot discovered the termite damage in late 2003. Therefore, the applicable peremptive period was five years from the date the owner accepted the renovated property pursuant to R.S. 9:5607. 948 So.2d at 252.

Patriot explained:
`Under Louisiana law, a cause of action accrues when a party has the right to sue.' Fault, causation, and damages are required for a cause of action to exist. `Once a party's cause of action accrues, it becomes a vested property right that may not constitutionally be divested.'
Id. (citations omitted).
The court concluded that Patriot did not acquire the right to sue until it discovered the damage in 2003. Therefore, the peremptive period from R.S. 9:5607 applied. 948 So.2d at 253. Likewise, we find that the plaintiffs did not acquire the right to sue until they discovered the damage in 2005. Thus, their rights had not vested before the 2003 enactment of R.S. 9:5607. Thus, we need not address the constitutionality of retroactive application of the statute.[3]
Accordingly, the judgment sustaining the exception of peremption filed by KLL Consultants, Inc. d/b/a Krebs, LaSalle, LeMeiux Consultants, Inc. (KLL) and dismissing the plaintiffs' claims against KLL with prejudice is affirmed.
AFFIRMED.
NOTES
[1] The trial judge ordered that the dismissal of KLL be deemed a final judgment, pursuant to La.C.C.P. art. 1915(B)(1) as there was no just reason for delay in entry of a final judgment. The judgment, however, is appealable pursuant to La.C.C.P. art. 1915(A)(1), because as a judgment that dismissed a party it is final and appealable without the necessity for designation under Section (B). Bordelon v. Avondale Industries, Inc., 03-228 (La.App. 5 Cir. 5/28/03), 846 So.2d 993, 994, n. 1., writ denied, 03-2074 (La.11/7/03), 857 So.2d 497. See also, La. C.C.P. art. 1911.
[2] Although KLL raises other grounds in its brief to support the trial judge's ruling, we need not consider them, having determined the two dispositive issues.
[3] We note that KLL correctly complains that the plaintiffs did not properly raise the constitutional issue in the district court or comply with the statutory requirement that the attorney general be notified. Our ruling, however, on the merits renders the constitutional issue moot.