BETTY TALLEY
v.
ST. TAMMANY PARISH SCHOOL BOARD, STATE OF LOUISIANA, ST. TAMMANY PARISH COUNCIL, AND BOARD OF ELECTION SUPERVISORS OF ST. TAMMANY PARISH
No. 2008 CA 1947
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication
LOUIS H. SCHULTZ, Attorney for Plaintiff  Appellant Betty Talley
MAURA Z. PELLETERI, CHARLES B. LONG, Attorneys for Defendant  Appellee Krebs, LaSalle, LeMieux Consultants, Inc.
BERNARD S. SMITH, Attorney for Defendants  Appellees St. Tammany Parish Council and Board of Election Supervisors of St. Tammany
HARRY P. PASTUSZEK, Jr., Attorneys for DAVID S. PITTMAN Defendant  Appellee William D. O'Regan St. Tammany Parish School Board
Before: PARRO, McCLENDON, AND WELCH, JJ.
WELCH, J.
In this action for damages, the plaintiff, Betty Talley, appeals a judgment sustaining the peremptory exception raising the objection of peremption filed by defendant, Krebs, LaSalle, LeMieux Consultants, Inc. ("KLL"), and dismissing her claims against KLL with prejudice. For reasons that follow, we affirm the judgment of the trial court in compliance with Uniform Rules-Courts of Appeal Rule 2-16.1(B).
On September 19, 2005, Ms. Talley filed a petition for damages alleging that on November 2, 2004, as she was exiting her polling place at Folsom Elementary School in St. Tammany Parish, she tripped and fell on a wooden walkway. She further alleged that as a result of that fall, she sustained bodily injuries. Named as defendants in the action were the St. Tammany Parish School Board, the State of Louisiana, the St. Tammany Parish Council, and the Board of Election Supervisors of St. Tammany Parish.[1]
On December 18, 2007, Ms. Talley filed a supplemental and amended petition naming KLL, a professional engineering firm,[2] as an additional defendant and alleging that KLL had designed the walkway upon which she fell. On February 11, 2008, KLL responded by filing a peremptory exception raising the objection of peremption,[3] based on La. R.S. 9:5607(A)(1), which provides a five-year period of limitation for bringing damage actions against a professional engineer, with the period running from "[t]he date of registry in the mortgage office of acceptance of the work by owner." Subsection C of La.R.S. 9:5607 specifies that this five-year period of limitation is a peremptive period. Attached to KLL's peremptory exception was a certified copy of a certificate of substantial completion for the parking lot addition at Folsom Elementary School, which was submitted by KLL to and accepted by the St. Tammany Parish School Board and was filed in the mortgage records for St. Tammany Parish on September 23, 2002.
On April 21, 2008, the trial court rendered judgment sustaining the objection of peremption pursuant to the provisions of La. R.S. 9:5607 and dismissing the plaintiffs claims with prejudice. A written judgment was signed on May 5, 2008, and it is from this judgment that Ms. Talley has appealed. On appeal, Ms. Talley asserts that the trial court erred in determining that her claim against KLL was perempted, because the five-year peremptive period set forth in La. R.S. 9:5607 should not be applied to her claim.
"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. C.C. art. 3458. Thus, peremption is a period of time, fixed by law, within which a right must be exercised or be forever lost. Borel v. Young, XXXX-XXXX, p. 8 (La. 11/27/07), 989 So.2d 42, 48. Consequently, peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461; see also La. R.S. 9:5607(C). It may, however, be pleaded or supplied by the court on its own motion at any time prior to final judgment. La. C.C. art. 3460.
With respect to claims against professional engineers, La. R.S. 9:5607 provides:
A. No action for damages against any professional engineer, surveyor, engineer intern, surveyor intern, or licensee as defined in [La.] R.S. 37:682, ... whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:
(1) The date of registry in the mortgage office of acceptance of the work by owner; or
(2) The date the owner has occupied or taken possession of the improvement, in whole or in part, if no such acceptance is recorded; or
(3) The date the person furnishing such services has completed the services with regard to actions against that person, if the person performing or furnishing the services, as described herein, does not render the services preparatory to construction, or if the person furnishes such services preparatory to construction but the person furnishing such services does not perform any inspection of the work.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
C. The five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
D. The provisions of this Section shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
F. The peremptive periods provided in Subsections A and B of this Section shall not apply to any proceedings initiated by the Louisiana Professional Engineering and Land Surveying Board or the State Board of Architectural Examiners.
This statute was added by 2003 La. Acts, No. 854, § 1, and it became effective on August 15, 2003[4] See La. Const. Art. Ill, § 19.
KLL asserts that the date of registry in the mortgage office of the acceptance of the work by the owner was September 23, 2002, the date the certificate of substantial completion was filed in the mortgage records for St. Tammany Parish. As such, KLL asserts that Ms. Talley's supplemental and amended petition naming KLL as a defendant, which was filed on December 18, 2007, was beyond the fiveyear time period, and therefore, her claim against KLL was perempted.
Ms. Talley contends that La. R.S. 9:5607 should not be applied to her claim against KLL, because to do so would constitute a retroactive application of the law and divest her of her rights. Essentially, the plaintiff contends that even though La. R.S. 9:5607 was in effect on November 2, 2004, when she was injured at Folsom Elementary School, it should not be applied to her case. Instead, the plaintiff contends that the law in effect in 2002, when KLL filed the certificate of substantial completion in the mortgage records, but before her cause of action arose, should be applied.[5]
We disagree. A law operates retroactively when it either: (1) evaluates the conditions of the legality of a past act, or (2) modifies or suppresses the effects of a right already acquired. Anderson v. Avondale, 2000-2799, p. 5 (La. 10/16/01), 798 So.2d 93, 98. An application of La. R. S. 9:5607 to the plaintiffs claim does neither. When La. R. S. 9:5607 was enacted, it did not divest the plaintiff of any rights, because the plaintiff did not acquire any vested right to sue KLL until her accident occurred or cause of action arose, more than one year after the statute was enacted.
Furthermore, on the issue of whether the five-year peremptive period set forth in La. R.S. 9:5607 applies to actions arising after its effective date, we find Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc., XXXX-XXXX (La. App. 4th Cir. 12/13/06), 948 So.2d 249, writ denied, XXXX-XXXX (La. 3/9/07), 949 So.2d 450; Lee v. Professional Construction Services, Inc., 2007-865 (La. App. 5th Cir. 3/11/08), 982 So.2d 837, writ denied, XXXX-XXXX (La. 6/6/08), 983 So.2d 919; and Ebinger v. Venus Construction Corporation, 2008-379 (La. App. 3rd Cir. 10/1/08), 995 So.2d 1224, are persuasive authority in this regard.
In Patriot American Hospitality Partnership, LP, the plaintiff, Patriot, purchased a hotel in 1997, and in 2003, discovered extensive termite damage in weight-bearing columns. Patriot sued the previous owners and the businesses, including an architectural firm and an engineering firm that were involved in the previous renovation of the hotel. Both the architectural firm and the engineering firm claimed that the suit was perempted due to the five-year peremptive period set forth in La. R.S. 9:5607, which was in effect in 2003. Specifically, the defendants asserted that the cause of action did not accrue until Patriot discovered the termite damage in late 2003, therefore, the applicable peremptive period was five years from the date the owner accepted the renovated property, pursuant to La. R.S. 9:5607. However, Patriot argued that because it suffered damage in 1997 when it purchased the hotel, as opposed to late 2003, when it discovered the structural damage caused by termites, the applicable peremptive period was ten years, pursuant to the version of La. R.S. 9:2772 that was in effect in 1997.
The trial court dismissed both the architectural firm and the engineering firm without prejudice, finding that the peremptive period of La. R.S. 9:5607 applied, and the court of appeal affirmed the decision. In doing so, the court noted that, "[u]nder Louisiana law, a cause of action accrues when a party has the right to sue. Fault, causation, and damages are required for a cause of action to exist. Once a party's cause of action accrues, it becomes a vested property right that may not constitutionally be divested." (Quotations and citations omitted.) Patriot American Hospitality Partnership, LP, XXXX-XXXX at pp. 5-6, 948 So.2d at 252. The court then concluded that Patriot did not acquire the right to sue until it discovered the damage in late 2003, and therefore, the five-year peremptive period set forth in La. R.S. 9:5607 applied. Patriot American Hospitality Partnership, LP, XXXX-XXXX at pp. 7-8,948 So.2d at 253-254,
In Lee, the plaintiff alleged that the defendants' improper design, fabrication, and construction caused a replacement radio communication antenna tower to collapse on August 29, 2005, during Hurricane Katrina. On August 28, 2006, the plaintiff sued various defendants, including KLL. Since the registry date for acceptance of the work by the owner was October 15, 1998, KLL asserted that the plaintiffs claims were perempted because the five-year peremptive period for claims for damages against professional engineers and architects, set forth in La. R.S. 9:5607, was applicable. However, the plaintiff asserted that the ten-year peremptive period provided for in La. R.S. 9:2772, which was in effect at the time of the 1998 acceptance of the work, was applicable. The court noted that the plaintiff did not acquire the right to sue until he discovered the damage in 2005, and therefore, the plaintiffs rights had not vested before the 2003 enactment of La. R.S. 9:5607. Accordingly, the court held that La. R.S. 9:5607 was applicable and the plaintiffs claims were perempted. Lee, 2007-865 at p. 9, 982 So.2d at 842.
In Ebinger, six years after the construction of the Ebinger's home was completed, the Ebingers filed suit against the contractor under the New Home Warranty Act, La. R.S. 9:3141-3150, alleging major structural defects in their home. Three years later, the contractor filed third-party demands against a subcontractor and an engineer. The engineer filed, among other things, a peremptory exception raising the objection of peremption based on La. R.S. 9:5607. The trial court sustained the exception, and the court of appeal affirmed, essentially concluding that the contractor did not have a vested right against the engineer before La. R.S. 9:5607 was enacted, and therefore, La. R.S. 9:5607 was applicable.
In this case, Ms. Talley's cause of action accrued on November 2, 2004, the date she alleged that she sustained damages. The law in effect on that date was La. R.S. 9:5607, as enacted by 2003 La. Acts, No. 854, § 1, which provides for a five-year peremptive period from the date of registry in the mortgage office of acceptance of the work by the owner. Acceptance of KLL's work at Folsom Elementary School by the St. Tammany Parish School Board was filed in the mortgage records of St. Tammany Parish on September 23, 2002.[6] Therefore, when Ms. Talley filed suit against KLL on December 18, 2007, the five-year peremptive period had run and her right of action was perempted.
Accordingly, the trial court correctly sustained KLL's peremptory exception raising the objection of peremption, and we hereby affirm the May 5, 2008 judgment of the trial court in accordance with Uniform Rules-Courts of Appeal Rule 2-16.1(B).
All costs of this appeal are hereby assessed to the plaintiff/appellant, Betty Talley.
AFFIRMED.
NOTES
[1] The State of Louisiana has since been dismissed from the suit.
[2] It is undisputed that KLL is a professional engineering firm as defined in La. R.S. 37:682(6). See La. R.S. 37:689.
[3] By 2008 La. Acts, No. 824, § 1 (effective January 1, 2009), peremption was specifically listed in La. C.C.P. art. 927 as an objection that may be raised through the peremptory exception. See La. C.C.P. art. 927 (A)(2). Prior to that, peremption was an innominate objection usually raised through the peremptory exception. As a general rule, this court considered the peremptory exception raising the objection of no cause of action to be the correct procedural device for raising the issue of peremption. See Coffey v. Block, 99-1221, P-8 (La. App. 1st Cir. 6/23/00), 762 So.2d 1181, 1186, writ denied, 2000-2226 (La. 10/27/00), 772 So.2d 651; Dowell v. Hollingsworth, 94-0171, p. 5 n.6 (La. App. 1st Cir. 12/22/94), 649 So.2d 65, 68 n.6, writ denied, 95-0573 (La. 4/21/95), 653 So.2d 572. Because the peremptory exception raising the objection of peremption was filed by KLL before the effective date of 2008 La. Acts, No. 824, we shall treat the exception raising the objection of peremption as an exception of no cause of action. Accordingly, KLL's exception was triable on the face of the petition and any annexed documents, with each well-pleaded fact therein accepted as true. See Kuebler v. Martin, 578 So.2d 113, 114 (La. 1991).
[4] Louisiana Revised Statutes 9:5607 was amended by 2006 La. Acts, No. 732, § 1. However, that amendment did not alter the substantive provision with regard to professional engineers that is applicable to this case.
[5] Specifically, plaintiff contends that La. R.S. 9:2772, as amended by 1999 La. Acts, No. 1024, § 1, which provided for a seven-year peremptive period, was applicable.
[6] On appeal, Ms. Talley also challenged whether the certificate of substantial completion constituted an "acceptance of the work by the owner" for the wooden walkway at issue. However, Ms. Talley admitted in her brief that she did not challenge the exhibit at the trial court level. Accordingly, this issue is not properly before this court. See Uniform Rules-Courts of Appeal Rule 1-3.