# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-762

**LAFAYETTE PARISH SCHOOL BOARD**

**VERSUS**

**RATCLIFF CONSTRUCTION CO., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2008-4236
HONORABLE MARILYN CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Jimmie C. Peters, and David E. Chatelain,[*]
Judges.

**AFFIRMED.**

**Ronald J. Fiorenza**
**Provosty, Sadler, DeLaunay,**
    **Fiorenza & Sobel**
**P. O. Box 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Defendant/Appellee:**
        **Ratcliff Construction Company**

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Paul J. McMahon, III**
**Attorney at Law**
**617 St. John Street**
**Lafayette, LA 70501**
**(337) 233-6768**
**Counsel for Plaintiff/Appellant:**
**Lafayette Parish School Board**

**Emile Joseph, Jr.**
**Robert A. Robertson**
**Allen & Gooch**
**2000 Kaliste Saloom Road, Suite 400**
**Lafayette, LA 70508**
**(337) 291-1440**
**Counsel for Defendant/Appellee:**
**Corne-Lemaire Group,**
**An Architectural Corporation**

**David Perry Salley**
**Michael W. Rutledge**
**Salley, Hite, Rivera & Mercer**
**365 Canal Street, Ste 1710**
**New Orleans, LA 70130**
**(504) 566-8800**
**Counsel for Defendant/Appellee:**
**Beaullieu & Associates, Inc.**

**Jonathan C. Augustine, L.C.**
**The Augustine Law Firm, APLC**
**8322 One Calais Avenue**
**Baton Rouge, LA 70809**
**(225) 715-7112**
**Counsel for Other:**
**City of Alexandria**

**Eugene J. Radcliff**
**Montgomery, Barnett, Brown, Read,**
**Hammond & Mintz, LLP**
**5353 Essen Lane, Suite 140**
**Baton Rouge, LA 70809**
**(225) 329-2800**
**Counsel for Other:**
**City of Alexandria**

**DECUIR, Judge.**

In 2008, the Lafayette Parish School Board filed suit against Corne-Lemaire Group, an Architectural Corporation, which designed and supervised the construction of N.P. Moss Middle School in the late 1990s. The trial court granted Corne-Lemaire's exception of peremption and dismissed the suit with prejudice. The School Board now appeals, and joining the School Board as *amicus curiae* is the City of Alexandria. For the following reasons, we affirm.

This case arises from water damage discovered at N.P. Moss Middle School in the summer of 2007, eight years after the school was constructed. A contract was entered into on October 13, 1997 by the School Board and Corne-Lemaire whereby Corne-Lemaire furnished architectural drawings, plans, and specifications for the construction of a new school and provided administrative and supervisory services during the construction of the school. The Ratcliff Construction Company, Inc. was hired as the general contractor in June 1998, and construction began immediately thereafter. On July 29, 1999, a Certificate of Substantial Completion was filed and the School Board accepted the work performed.

On July 24, 2008, after investigation had begun as to the cause of the water intrusion, the School Board filed suit against Ratcliff and Corne-Lemaire. Ratcliff responded by filing a peremptory exception of prescription, which the trial court granted based on the five-year peremptive period found in La.R.S. 38:2189. Thereafter, Corne-Lemaire filed its own Peremptory Exceptions of Peremption and No Cause of Action, urging the court to find the School Board's suit perempted by the language of La.R.S. 9:5607, enacted in 2003, which provides in part:

> A. No action for damages against any professional engineer, surveyor, engineer intern, surveyor intern, or licensee as defined in R.S. 37:682, or any professional architect, landscape architect, architect intern, or agent as defined in R.S. 37:141, or professional interior

designer, or licensee as defined in R.S. 37:3171, or other similar licensee licensed under the laws of this state, or real estate developer relative to development plans which have been certified by a professional engineer or professional architect, whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide any manner of movable or immovable planning, construction, design, or building, which may include but is not limited to consultation, planning, designs, drawings, specifications, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought unless filed in a court of competent jurisdiction and proper venue at the latest within five years from:

(1) The date of registry in the mortgage office of acceptance of the work by owner;

. . . .

C. The five-year period of limitation provided for in Subsection A of this Section is a peremptive period within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

D. The provisions of this Section shall take precedence over and supersede the provisions of R.S. 9:2772 and Civil Code Articles 2762 and 3545.

In opposition to the exception of peremption, the School Board argued that La.R.S. 9:5607 was not applicable, contending its right to pursue its claim against Corne-Lemaire vested prior to the 2003 enactment of the statute. The School Board specifically argued that its rights vested at the time the parties entered into the contract on October 13, 1997, and that since La.R.S. 9:5607 was enacted after the contract date, it could not be applied retroactively to divest the School Board of its vested rights. The trial court ruled against the School Board, maintained the exception, and dismissed the suit against Corne-Lemaire. At the hearing, the trial court probed the question of when the School Board's rights vested and pointed out that governing jurisprudence holds that the right to pursue a cause of action arises at the time the damage becomes known.

2

In this appeal, the School Board contends the trial court erred in failing to apply the provisions of La.R.S. 9:2772, as it existed in 1997 when the contract between the School Board and Corne-Lemaire was executed. At that time, Section 2772 provided for a ten-year prescriptive period for claims such as those asserted herein. The School Board also argues the trial court erred in relying on a subsequently enacted statute that served to retroactively divest the School Board of its right to bring this cause of action. Both of the School Board's arguments require this court to find that its rights vested in 1997 when it entered into a contractual relationship with Corne-Lemaire.

As an appellate court, we review peremptory exceptions by studying the entire record "to determine whether the trial court was manifestly erroneous with its factual conclusions." *Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds*, 04-1697, p. 5 (La.App. 3 Cir. 5/4/05), 909 So.2d 619, 623, *quoting Parker v. Buteau,* 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127, 129. In this case, the School Board and Corne-Lemaire were in a contractual relationship which ended in 1999, when the school construction project was accepted. Damage appeared in the school building eight years later in 2007. Suit was filed in 2008. The question before us is twofold: when did the School Board acquire the right to sue Corne-Lemaire and whether, by operation of law, that right was perempted by the passage of time.

We find no merit to the position advocated by the School Board. Applying well-established jurisprudence to an analysis of this case, we find the School Board did not acquire the right to sue Corne-Lemaire until it discovered damage to N.P. Moss Middle School in 2007. By that time, the governing peremptive statute was La.R.S. 9:5607, which provides for a five-year period from acceptance of the work to file a claim against an architect. As more than five years passed after Corne-

3

Lemaire's work was accepted by the School Board, the suit brought in 2008 was untimely.

As explained by the fourth circuit in *Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc.,* 06-0601, p. 6 (La.App. 4 Cir. 12/13/06), 948 So.2d 249, 252, *writ denied*, 07-0080 (La. 3/9/07), 949 So.2d 450:

> "Under Louisiana law, a cause of action accrues when a party has the right to sue." *Landry v. Avondale Indus., Inc.*, 03-0719, 03-0993, 03-1002, p. 4, (La. 12/3/03), 864 So.2d 117, 122, quoting *Bourgeois v. A.P. Green Indus., Inc.*, 00-1528, p. 9 (La. 4/3/01), 783 So.2d 1251, 1259. Fault, causation, and damages are required for a cause of action to exist. *Owens v. Martin*, 449 So.2d 448, 450-51 (La.1984).

The *Patriot* court concluded that the plaintiff did not acquire the right to sue the engineering and architectural firms involved in a 1996 renovation until it discovered the termite damage at issue in 2003. By that time, La.R.S. 9:5607 was the applicable statute.

Likewise, in *Lee v. Professional Construction Services, Inc.*, 07-865, p. 9 (La.App. 5 Cir. 3/11/08), 982 So.2d 837, 842, *writ denied*, 08-0782 (La. 6/6/08), 983 So.2d 919, a case involving engineering work in 1996 and damage in 2005 during Hurricane Katrina, the fifth circuit relied on *Patriot* and held, "we find that the plaintiffs did not acquire the right to sue until they discovered the damage in 2005. Thus, their rights had not vested before the 2003 enactment of R.S. 9:5607."

Finally, in *Ebinger v. Venus Construction Corp.*, 08-379 (La.App. 3 Cir. 10/1/08), 995 So.2d 1224, this court followed *Patriot* and *Lee* and found a party's right to indemnification, asserted nine years after certain engineering work was performed, was peremped by La.R.S. 9:5607. In all three cases, the courts rejected the argument that there existed a vested, pre-existing right which is protected from the retroactive application of the peremption statute.

4

For the above and foregoing reasons, the judgment of the trial court is affirmed. We deny Corne-Lemaire's motion to strike the *amicus curiae* brief of the City of Alexandria, although we find no merit to the position advocated therein. Costs of the appeal in the amount of $1,161.69 are assessed to the Lafayette Parish School Board.

**AFFIRMED.**