WALTER J. ROTHSCHILD, Judge.
Plaintiffs appeal from a judgment of the trial court granting defendant’s exception of prescription. For the reasons stated more fully herein, we reverse the trial court’s judgment and remand the case for further proceedings.

Facts and Procedural History

On December 28, 2000, Clement and Joan Eiswirth filed this petition for damages and breach of contract against Anthony L. Golemi Contractor, Inc. Plaintiffs alleged that they entered into a contract with Golemi for the construction of a residential building and that after moving into the home they noticed certain defects in the construction of the home that were brought to defendant’s attention. Plaintiffs allege that defendant failed to make the necessary repairs and replacements, and that defendant is therefore in violation of the contractual provision requiring the contractor to timely provide a completed product. Plaintiffs further allege that the defects in the home caused by defendant’s negligence constitute a breach of the warranty of good workmanship.
|3In response to this petition, Golemi filed exceptions of no cause and/or right of action, and an exception of prescription. Golemi also filed a reconventional demand against the Eiswirths for sums he alleged was owed under the contract and an answer and third party demand against various subcontractors who worked on the project.
A hearing was held in the trial court on defendant’s exceptions on March 1, 2002. Following the hearing, the trial court took the matter under advisement. By judgment rendered June 5, 2002, the trial court denied defendant’s exceptions of no cause and no right of action. However, the court granted defendant’s exception of prescription. Plaintiffs subsequently filed a devol-utive appeal, and a panel of this court dismissed that appeal because the judgment had not been certified as a final judgment pursuant to La. C.C.P. art. 1915 B. Eiswirth v. Anthony L. Golemi Contractor, Inc., 02-1060 (La.App. 5 Cir. 1/28/03), 839 So.2d 346.
Plaintiffs subsequently filed a motion to certify the judgment as final in the trial court, and on May 30, 2003, the trial court designated the judgment as final pursuant to the provisions of La. C.C.P. art. 1915 B(l). Plaintiffs now appeal from the final judgment granting defendant’s exception of prescription.

Breach of Warranty

By their exception of prescription, defendant argues that plaintiffs’ claims under the New Home Warranty Act have prescribed pursuant to the provisions of *794 La. R.S. 9:3144 and 9:3146. Defendant did not contend in the trial court that plaintiffs breach of contract claims have prescribed nor was this issue addressed during the exception hearing, and thus the trial court’s judgment granting the exception of prescription only relates to plaintiffs’ claims for breach of warranty. Plaintiffs’ claims of breach of contract, as [4well as defendant’s reconventional demand and third party demand, are still pending before the trial court.
The New Home Warranty Act (“NHWA”) governs the exclusive remedies, warranties and prescriptive periods as between a builder and owner relative to home construction. La. R.S. 9:3150. La. R.S. 9:3144 provides in part [1]
A. Subject to the exclusions provided in Subsection B of this Section, every builder warrants the following to the owner:
(1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
(2) Two years following the warranty commencement date, the plumbing electrical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from major structural defects due to noncompliance with the building standards or due to other defects in material or workmanship not regulated by building standards.
(3)Ten years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.
Pursuant to La. R.S. 9:3145, this section also requires the owner to give the builder written notice, by registered or certified mail, of the existence of the defect, giving him an opportunity to comply with the terms of this section, within one year from the owner’s discovery of the defect.
At the time the Eiswirths’ petition was filed, the applicable prescriptive period for suits brought pursuant to this section was contained in La. R.S. 9:3146, which provided:[2]
Is Any action to enforce any warranty provided in this Chapter shall prescribe thirty days after the expiration of the appropriate time period provided in R.S. 9:3144.
As defined by La. R.S. 9:3143, the warranty commencement date is the date legal title to the home is conveyed or the date the home is first occupied, whichever comes first. According to plaintiffs’ petition, the parties executed a “Notice of Termination/Substantial Completion of Work” on March 18, 1999, and a final punch list of remaining problems was forwarded to Golemi at this time. Plaintiffs subsequently moved into the home, and on *795 April 22, 1999, the parties executed a cancellation of the recorded building contract. Defendant admits in brief that the warranty commencement date occurred in April of 1999.
The petition for damages in this case alleges that plaintiffs notified the builder of defects in the home by correspondence dated August 15, 1999, February 13, 2000 and May 16, 2000. Defendant failed to address or repair the defects as listed by plaintiffs, and on March 18, 2000, plaintiffs forwarded an additional punch list to Gole-mi in an attempt to amicably resolve the matter. This petition for damages and breach of contract was subsequently filed on December 23, 2000.

Prescription

In the exception of prescription, defendant contends that the claims for breach of warranty are governed by the one year prescriptive period contained in La. R.S. 9:3144 A(l), and that plaintiffs’ claims filed more than one year and thirty days after the warranty commencement date have prescribed. Plaintiffs respond that their petition alleges major structural defects which are governed by R.S. 9:3144(A)(3), which allows a ten year prescriptive period. Plaintiffs also contend that the one year prescriptive | ^period for their remaining allegations was interrupted by defendant’s own acts.
Generally, the party raising the exception of prescription bears the burden of proof, unless prescription is evident from the face of the pleadings, in which case the plaintiff bears the burden of showing that the action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. Lima v. Schmidt, 595 So.2d 624, 629 (La.1992).
In their petition, plaintiffs allege that defects in their home, including structural defects in walls, partitions and flooring, were caused by defendant’s negligence and his failure to comply with manufacturer’s suggestions. Under the NHWA provisions, the warranties provided by law range from one to ten years depending on the type of warranty asserted, and plaintiffs’ suit was filed within 18 months of the warranty commencement date. The defects listed in the petition include structural defects in walls, partitions and flooring. Although the type of damages asserted by the Eirwirths are the types of defects squarely addressed by the NHWA, the length of the warranty applicable to these types of defects as stated in La. R.S. 9:3144 cannot be ascertained from the general listing of defects. Thus, prescription of plaintiffs’ claims are not evident from the face of plaintiffs’ petition, and defendant bears the burden of proving the claims have prescribed. The issue presented for our review, then, is whether defendant met its burden of proving plaintiffs’ breach of warranty claims have prescribed.
|7At the outset, we note an inconsistency between the provisions of La. R.S. 9:3144 A(l), which confers a one year warranty for defects in material or workmanship, and the provisions of La. R.S. 9:3145, which requires the homeowner to give notice to the builder of a defect within one year of the discovery of the defect. Although the inconsistency in these two provisions has been resolved by the amendment of La. R.S. 9:3146 providing for a preemptive period, it is unclear from the pre-amendment provisions whether a homeowner’s required notice to the builder interrupts the tolling of the prescriptive *796 period. There are no Louisiana cases which have squarely addressed these provisions of the NHWA, although the court in Leon v. Deters Custom Homes, 97-772 (La.App. 1 Cir. 4/8/98), 711 So.2d 346, 348, in reversing an exception of prescription noted as follows:
Further, it occurs to this court that, if the last attempt at repairing the carpet was less than one year from the date suit was filed, perhaps prescription was interrupted during the attempted repairs so that prescription has not run.
Additionally, as stated by this Court in Ory v. A.V.I. Const., Inc., 03-72 (La.App. 5 Cir. 5/28/03), 848 So.2d 115, 120, “it is unclear whether the prescriptive period in pre 2001 R.S. 9:3146 is subject to interruption or tolling as is the prescriptive period for redhibition found in La. C.C. art. 2534(C).” The court in Ory concluded that even using the provisions of La. C.C. art. 2534(C) which allows prescription to be interrupted in a redhibition suit while repairs are attempted, the facts of that case nonetheless indicated that plaintiffs’ suit had prescribed.
The record in this case indicates that prior to the warranty commencement date in April of 1999, the Eiswirths gave Golemi notice of a list of items which were unsatisfactory in the completion of the home. Further, subsequent to April of 1999 and during the one-year warranty | ¿period, the Eiswirths notified Golemi by certified mail on at least three occasions of certain defects in their home. Copies of this correspondence were introduced in opposition to defendant’s exception of prescription and are contained in the record before us.
By correspondence dated August 15, 1999, Dr. Eiswirth referred to an earlier punch list of uncompleted items and workmanship issues and stated that he expects “prompt and complete resolution of all items submitted.” On February 13, 2000, Dr. Eiswirth sent correspondence to Mr. Golemi calling his attention to two areas which had failed to be repaired properly: inadequate draining in the carport area and cracked, warped exterior doors which were not fully operational. Dr. Eiswirth also listed numerous other issues in the home and requested that Mr. Golemi resolve these problems.
By correspondence dated May 16, 2000, Dr. Eiswirth again notified Mr. Golemi that carport drainage was a problem and that the exterior doors were cracking, warped and failing. This correspondence also referred to cracking floor tiles, ceiling cracks on the interior of the home and mildewed carport ceiling. It is further evident from this correspondence that the parties had submitted these issues to a mediation company, and that Mr. Golemi and Dr. Eiswirth were in negotiations at this time considering repairs to the stated defects in the home.
From this evidence in the record, we find that from early 1999 until mid 2000, the Eiswirths were attempting to resolve the defects in their home with the builder, Mr. Golemi. The Eiswirths complied with the provisions of La. R.S. 9:3145 by notifying Mr. Golemi by certified mail of the defects within one year of their knowledge thereof and gave Mr. Golemi a reasonable opportunity to comply with the provisions of the NHWA. These efforts apparently proved to be unsuccessful, and plaintiffs instituted this suit [ 3within six months from the date the last repair was attempted by Mr. Golemi.
Defendant contends that the defects listed by plaintiffs are merely punch list items which did not result in actual physical damage to the home as required by La. R.S. 9:3144 B(13). However, we are unable to find from the evidence in the record that the defects listed by plaintiffs, including cracked floor tiles, cracked or *797 mildewed ceilings, insufficient drainage, and cracked and failing exterior doors, are defects which did not result in actual physical damage to the home.
Further, although defendant contends that plaintiffs have failed to list any major structural defects as defined by La. R.S. 9:3143(5) which would fall within the ten year warranty period contained in La. R.S. 3144 A(3), we fail to find the evidence in the record supports such a position. Plaintiffs have listed as defects structural defects in walls and flooring, and plaintiffs have submitted a report of an engineering firm that inspected the home in 2001, finding problems with the roof support that was in violation of the Jefferson Parish Building Code. We are unable to conclude that these allegations and supporting documents do not constitute a basis for proving a major structural defect within the meaning of La. R.S. 3143(5).
Under the circumstances presented herein, we are unable to find that plaintiffs’ cause of action for breach of warranty has prescribed. In our view, defendant has failed to meet its burden of proving that the warranties listed in La. R.S. 9:3144 and the prescriptive period contained in La. R.S. 9:3146 preclude plaintiffs’ suit in this case. We therefore conclude that the trial court erred in maintaining defendant’s exception of prescription.
Accordingly, the trial court’s judgment granting defendant’s exception of prescription as to plaintiffs’ claims of breach of warranty is hereby linvacated and reversed. Further, the matter is remanded to the trial court for further proceedings. Defendant shall bear all costs of this appeal.

REVERSED AND REMANDED.

. This statute was amended by Acts 2001, No. 179 Section 1, wherein “ten years” was replaced with "seven years.” However, the amendment became effective after plaintiffs’ cause of action arose. Further, plaintiffs’ claims were raised within two years of the warranty commencement date, and the amendment does not affect our analysis herein.

. By the passage of Acts 2001, No. 179 Section 1, a preemptive period was substituted for the stated prescriptive period. However, this amendment does not apply to the facts of this case because plaintiffs' cause of action arose and their lawsuit was filed prior to the amendment of the statute.