CARTER, C.J.
| gThis is an appeal of a judgment awarding damages pursuant to the Louisiana New Home Warranty Act, LSA-R.S. 9:3141, et seq. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On June 21, 1996, Thomas J. and Kathleen F. Hutcherson purchased a newly *777 constructed house in Baton Rouge from a builder/general contractor, Harvey Smith Construction, Inc. (HSC), for $225,000.00. The Hutchersons immediately took occupancy of their new home. Within a year of moving in, the Hutchersons began to experience problems with rainwater leaking into the house at various locations. HSC replaced the flooring by two doors and made some shingle adjustments on the roof and in the attic; however, the Hutch-ersons continued to experience leaks when it rained. The Hutchersons sent a letter dated October 31, 1997, and a certified letter dated March 1, 2004, to HSC, outlining all of the problems with the house and especially highlighting the profuse water leak near the back door leading into the master bedroom. HSC refused to remedy the roof leak or to repair the crumbling and stained master bedroom sheetrock, the caved-in ceiling in the master bedroom, the rotten door facings, and the mildewed carpet, maintaining that the warranty period for such problems had expired.
The Hutchersons filed suit against HSC on November 8, 2004, pursuant to the Louisiana New Home Warranty Act (NHWA), alleging that major structural defects in the design and construction of their home’s roof framing system had caused extensive damage due to continuous leaks. The Hutchersons further alleged that despite notice and numerous demands, HSC refused to resolve the problems. HSC denied all allegations and filed | ..peremptory exceptions raising the objections of prescription, no cause of action, and no right of action. The trial court denied HSC’s exceptions and the matter went to a bench trial on October 24-25, 2007. After trial, the trial court assigned oral reasons for awarding judgment in favor of the Hutchersons, stating:
[T]he load-bearing function of the home was compromised and the design of this particular ... roof system ... caused the leakage and caused the problems that the [Hutchersons] suffered .... [T]here was physical damage ... that was caused by the water getting to the decking and the rafters, and that is a portion of the load-bearing function which gave way in terms of letting this water in.... [T]hus, the court finds that the ten-year home warranty act applies because the roof framing system itself was not designed properly in terms of having the necessary design mechanism to prevent the roof from giving way.
Accordingly, on November 5, 2007, the trial court signed a judgment ordering HSC to pay $20,000.00 to the Hutchersons for damages, $12,352.50 for attorney fees, $614.08 for court costs, and $750.00 for expert witness fees. HSC appealed.[1]
*778 STANDARD OF REVIEW
The trial court’s factual findings in cases involving the NHWA are subject to manifest error review. Graf v. Jim Walter Homes, Inc., 97-1143 ┴4(La.App. 1 Cir. 5/15/98), 713 So.2d 682, 691; Craig v. Adams Interiors, Inc., 34,591 (La.App. 2 Cir. 4/6/01), 785 So.2d 997, 1003. An appellate court cannot set aside the trial court’s factual findings unless it determines there is no reasonable factual basis for the findings and the findings are clearly wrong. Stobart v. State, Through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). Thus, if the findings are reasonable in light of the record reviewed in its entirety, this court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Furthermore, when we review a damage award made pursuant to the NHWA, we may not set aside the award made by the trier of fact absent an abuse of discretion. Graf 713 So.2d at 691.
THE NEW HOME WARRANTY ACT
The NHWA was originally enacted in 1986, and has since been amended five times in various respects. Because the Hutchersons obtained legal title to their home on June 21, 1996, the version of the NHWA in effect on that date controls, and the later amendments are inapplicable. Barnett v. Watkins, 06-2442 (La.App. 1 Cir. 9/19/07), 970 So.2d 1028, 1034, writ denied, 07-2066 (La.12/14/07), 970 So.2d 537. Louisiana Revised Statute 9:3141, as written in 1996, expressed the NHWA’s purpose:
The Legislature finds a need to promote commerce in Louisiana by providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of home owners’ insurance as additional protection for the public against defects in the construction of new homes. This need can be met by providing for uniform building standards in those parishes and municipalities that have not yet adopted building codes; by requiring that all new residential buildings comply with building standards; by adopting provisions that clearly state the scope and the time of warranties; by providing for insurance | ¡protecting home owners from breaches of warranty; and by making the required warranties mandatory in most cases.
Further, the NHWA “provides the exclusive remedies, warranties, and prescriptive periods as between builder and owner” relative to construction defects in new homes. LSA-R.S. 9:3150;[2] Carter v. Duke, 05-0390 (La.1/19/06), 921 So.2d 963, 970.
The required warranties in the NHWA are mandatory and cannot be waived by the owner or reduced by the builder. LSA-R.S. 9:3144(C). Louisiana Revised Statute 9:3144 sets out those warranties as follows:
A. Subject to the exclusions provided in R.S. 9:3144(B), every builder warrants the following to the owner:
(1) One year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards.
*779 (2) Two years following the warranty commencement date, the plumbing, electi’ical, heating, cooling, and ventilating systems exclusive of any appliance, fixture, and equipment will be free from any defect due to noncompliance with the building standards.
(3) Ten years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards.[3] (Emphasis added.)
The “warranty commencement date” is the date that legal title is conveyed to the initial purchaser or the date that the home is first occupied, whichever occurs first. LSA-R.S. 9:3143(7). It is undisputed that the warranty commencement date in this case was June 21, 1996, the date that legal title was conveyed to the Hutchersons. Inasmuch as the Hutchersons did not file their lawsuit until over eight years later, on November 8, 2004, the | ^Hutchersons’ claim is limited to the ten-year warranty period applicable for major structural defects. Louisiana Revised Statute 9:3143(5) defines “major structural defect” to mean:
[A]ny actual physical damage to the following designated load-bearing portions of a home caused by failure of the loadbearing portions which affects their load-bearing functions to the extent the home becomes unsafe, unsanitary, or is otherwise unlivable:
(a) Foundation systems and footings.
(b) Beams.
(c) Girders.
(d) Lintels.
(e) Columns.
(f) Walls and partitions.
(g) Floor systems.
(h)Roof framing systems.
(Emphasis added.)
HSC’s primary argument is that the trial court erred in finding that the problems the Hutchersons were experiencing in their home were the result of a major structural defect, thereby triggering the ten-year warranty period in the NHWA. HSC maintains that the evidence at trial pointed to faulty or failed roof flashing and/or sealing materials and weather stripping around the doors, not the failure of any load-bearing portion of the home. The Hutchersons argue, however, that the evidence unequivocally established that the leak in the roof decking was caused by defective design and that the roof decking serves a structural load-bearing function.
We have thoroughly reviewed the evidence, with a careful analysis of the experts’ opinions, and we conclude that the evidence reasonably supports a finding that the rotten roof decking and collapsed bedroom ceiling in the Hutchersons’ home were caused by water intrusion from a defective roof framing system. HSC’s own expert civil engineer, Dr. Jerry Lynn Householder, testified that roof decking in a house is part of the framing 17system and serves a structural function. Dr. Householder further testified that the rotten decking was caused by improper roofing design which allowed water to pool and leak under the shingles. The Hutcher-sons’ expert roofing consultant, Patrick E. Heil, testified that the damage to the Hutchersons’ home was not the result of normal wear and tear on a roof, but rather was the consequence of a faulty roof design or the way the roof was built. The trial court concluded that this type of damage was clearly contemplated by the *780 NHWA in LSA-R.S. 9:8143(5) in which actual physical damage to roof framing systems is specifically enumerated as a major structural defect. We agree and find no manifest error in the trial court’s conclusion that the Hutchersons’ claim was proper and timely.
HSC also contends that the trial court erred by allowing hearsay into evidence in the form of a letter from the Hutchersons to their attorney and testimony that outlined purported repair estimates and actual amounts the Hutchersons had spent on repairs related to the water leaks. We find no merit to HSC’s argument. Mrs. Hutcherson offered direct testimony verifying that she and her husband had spent $7,229.47 in repairs up to the time of trial, and they expected to incur a total of $19,609.23 to completely repair the damage and restore their home, based upon various estimates they had received. The trial court did not abuse its discretion in allowing the testimony or in admitting the letter into evidence. The Hutchersons undisputedly had first-hand knowledge of the amount of money they actually spent on repairs and the amount of money they expected to spend on future repairs based upon estimates they had personally received. See Burdette v. Drushell, 01-2494 (La.App. 1 Cir. 12/20/02), 837 So.2d 54, 61, n. 4, writ denied, 03-0682 (La.5/16/03), 843 So.2d 1132. Therefore, we | sfind no abuse of discretion in the trial court’s $20,000.00 award for general damages. The NHWA provides that “damages ... shall not exceed the reasonable cost of repair or replacement necessary to cure the defect.” LSAR.S. 9:3149. There is no evidence that the damage award exceeds the reasonable cost of repair to the Hutchersons’ home.
Finally, we do not find that the $12,352.50 award for attorney fees was “grossly excessive” as asserted by HSC. The award of attorney fees was documented and was not disputed.[4] Therefore, we find no abuse of discretion in the attorney fees award. See Melancon v. Sunshine Const. Inc., 97-1167 (La-App. 1 Cir. 5/15/98), 712 So.2d 1011,1017-1018.
CONCLUSION
Accordingly, the November 5, 2007 judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant-appellant, Harvey Smith Construction, Inc.
AFFIRMED.
DOWNING, J., dissents and assigns reasons.

. The trial court signed an amended judgment on November 21, 2007, additionally ordering HSC to pay judicial interest to the Hutcher-sons. HSC appealed both judgments. However, this court vacated the amended judgment on September 12, 2008, and dismissed the appeal as it related to the amended judgment because it improperly and substantively amended the original judgment. This court reinstated and maintained the November 5, 2007 judgment, which is the only relevant judgment in this appeal.
We note that the November 5, 2007 judgment is silent regarding legal interest, and the Hutchersons did not seek interest in their petition nor have they sought modification of the judgment on appeal. It is well settled that in order to obtain interest on an award, *a litigant must pray for interest unless interest is allowed by law. See Smith v. Quarles Drilling Co., 04-0179 (La. 10/29/04), 885 So.2d 562, 565-566. The NHWA provides that an owner has a cause of action against the builder “for actual damages, including attorney fees and court costs, arising out of the violation.” LSA-R.S. 9:3149. An award of legal interest in a case arising under the NHWA is not specifically provided for by statute. For *778 these reasons, we pertermit further consideration of this issue.

. The NHWA's prescriptive periods in LSA-R.S. 9:3146 were changed to peremptive periods by Acts 2001, No. 179, § 1. See also Acts 2003, No. 333, § 1, amending LSA-R.S. 9:3150.

. Louisiana Revised Statute 9:3144(A)(3) was amended by Acts 2004, No. 45, § 1 to change the warranty period to five years for major structural defects.

. Louisiana Revised Statute 9:3149 clearly provides for an award of attorney fees and court costs that arise out of a violation of the NHWA.