PETTIGREW, J.
 

 | .¿Defendants/appellants, Wanda J. McClain Thigpen and Lionel K. Thigpen, appeal from the trial court’s judgment in favor of plaintiff/appellee, Jenkins Building Supply, Inc. (“Jenkins”), awarding Jenkins damages for out-of-pocket expenses it incurred for materials and subcontractors in connection with the construction of the Thigpens’ residence in St. Tammany Parish. For the reasons that follow, we affirm.
 

 PERTINENT FACTS AND RULING OF THE LOWER COURT
 

 According to the record, the Thigpens initially met with Barrett Jenkins, part owner of Jenkins, in August 2004, to discuss the construction of their home, at which time the Thigpens presented house plan specifications to Barrett. It was agreed by the parties that Jenkins would build the Thigpen home for a fixed price of $95,300.00. Because of title problems with the land, construction did not actually begin until April 2005, with an updated bid proposal dated February 2, 2005. The agreed upon price, $95,300.00, remained the same. As construction progressed, several changes to the original plan specifications were made by the Thigpens, causing an increase in cost. However, the Thigpens assured Barrett that they had borrowed more money than the original bid called for and that the changes would be taken care of at the end of the job.
 

 Construction on the home continued, as did inspections by both the Parish of St. Tammany and Parish National Bank, the bank that provided the loan to the Thig-pens. No workmanship problems or code violations were noted. By August 2005, the home was 75-80 percent complete, and Jenkins had received 3 of 4 draws from Parish National Bank for approximately $70,000.00. Like many other properties in Louisiana, the Thigpen home suffered damage from Hurricane Katrina in August 2005. Barrett worked with the Thigpens’ insurance company to secure insurance funds for the damage sustained as a result of Hurricane Katrina. The Thigpens ultimately received a $30,500.00 check from their insurance company for them property damage claim. After the insurance funds were received by the Thigpens, Jenkins proceeded with salvage work on the home, advancing money out-of-pocket to pay for labor, materials, and appliances. In February 2006, Jenkins requested payment from the Thigpens to cover these out-of-pocket expenses. [sWhen the Thigpens refused, Jenkins ceased all work on the Thigpen home and left the jobsite.
 

 On March 27, 2006, Jenkins filed the instant suit to recover costs it paid out-of-pocket for material and subcontractors for work performed on the Thigpen home. The Thigpens responded, claiming Jenkins’ work was unsatisfactory, and reconvened for alleged damages as a result of breach
 
 *869
 
 of contract and pursuant to the New Home Warranty Act (“NHWA”), La. R.S. 9:3141,
 
 at seq.
 
 The Thigpens sought damages for emotional distress, loss of enjoyment and use, lost opportunities, frustration and concern, and time and energy, as well as all additional costs incurred by them over and above the contract price as a result of the alleged breach of contract by Jenkins.
 

 The matter proceeded to a bench trial on August 20, 2008, and was taken under advisement by the trial court. In a judgment rendered December 16, 2008, the trial court found in favor of Jenkins, awarding damages in the amount of $45,339.44, plus interest from the date of judicial demand until paid. The Thigpens subsequently filed a motion for new trial, which was denied by the trial court. This appeal by the Thigpens followed.
 

 ISSUES PRESENTED
 

 The Thigpens assign legal error by the trial court in finding that the NHWA was the only remedy available to them under the facts of this case and that notice was required under the NHWA. The Thigpens assign manifest error by the trial court in its factual finding that Jenkins was entitled to damages in the amount of $45,339.44 and in its factual finding that the Thigpens were not entitled to attorney fees and costs or compensatory damages for the amounts they paid to complete their residence and for delay in construction and loss of use.
 

 DISCUSSION
 

 The trial court’s factual findings in cases involving the NHWA are subject to manifest error review.
 
 Hutcherson v. Harvey Smith Const, Inc.,
 
 2008-1046, p. 3 (La.App. 1 Cir. 2/13/09), 7 So.3d 775, 778. An appellate court cannot set aside the trial court’s factual findings unless it determines there is no reasonable factual basis for the findings and the findings are clearly wrong.
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882 (La.1993). Thus, if the findings are reasonable in light of the record reviewed in its entirety, this court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). With regard to questions of law, the appellate review is simply a review of whether the trial court was legally correct or legally incorrect. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and render judgment on the record.
 
 Pierce v. State, Office of Legislative Auditor,
 
 2007-0230, p. 7 (La.App. 1 Cir. 2/8/08), 984 So.2d 61, 67,
 
 writ denied,
 
 2008-0542 (La.4/25/08), 978 So.2d 369.
 

 In ruling in favor of Jenkins, the trial court issued the following detailed written reasons for judgment:
 

 This matter came to be heard on the merits August 20, 2008 and was taken under advisement with a briefing schedule (which was later extended due to Hurricane Gustav.) Plaintiff seeks relief for the alleged failure of defendants to pay sums due to it for expenses incurred due to its performance of a building contract. Defendants denied those allegations and reconvened for alleged damages as a result of breach of contract and under the [NHWA].
 

 The Court has no difficulty in determining that plaintiff supplied extra materials and construction that was not contemplated in the building contract. Although all parties could have operated in a more businesslike manner, it is clear that the Thigpens made several changes and knew they would have to
 
 *870
 
 pay more for those changes. The Court finds that defendants owe $45,339.44 for those changes. The Court also has no difficulty in finding the defendants breached the building contract and not plaintiff. Defendants never paid the complete draw from Parish National Bank to the contractor and plaintiffs hadn’t gotten anything from the repairs necessitated by Hurricane Katrina. In February, 2006 plaintiff was totally justified in leaving the job. It had done numerous add-ons without compensation as well as not receiving all of the draw nor anything for hurricane repairs. The claim of defendants that plaintiff breached due to time delays is spurious. Mr. Thigpen notes that there was no specific time period agreed upon in the contract and only approximate time frames given in conversation. It appears that even the approximated time might have been met but for Hurricane Katrina. The Court finds that there had been no indications of any dissatisfaction with the construction expressed by the Thigpens until the plaintiff left the job.
 

 Whether there were defects under the [NHWA] is much more difficult and mystifying to the Court. On one hand, it is clear that there were inspections by Parish National Bank before each draw and no workmanship problems were noted. There were inspections by the Parish of St. Tammany and no problems or code violations were noted. Also, | .¡there was an appraisal completed after the last construction of plaintiff showing the value of the house in the condition plaintiff left it at $138,000.00 “as is.” [$143,-515.00 by a Cost Approach Method. Jenkins # 17]. The Court also finds and believes that plaintiff had never been notified of any problems beforehand. On the other hand, defendants introduced numerous pictures showing workmanship that is defective even by the plaintiffs testimony. Plaintiff, except with the exception of one matter, does not admit it to be his construction and states he regularly attended the work site. However, Barrett Jenkins never testified it definitely was not his work nor did he bring in any subcontractor to testify that it was not his work. Plaintiff received a little over $70,000.00 on the contract that had met all the inspections and left a house on a little over 1.5 acres with a value of $138,000.00.
 

 The Court, however, is of the opinion that it does not have to wrestle through its dilemma. The reason for the Court’s dilemma is probably the reason for the [NHWA] being enacted with certain notification procedures. La. R.S. 9:3145 requires that:
 

 Before undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter. The builder shall give the owner written notice of the requirements of this Chapter at the time of closing.
 

 The reason for such notification is given by the Supreme Court as follows:
 

 [2] Thus, the legislature has specifically excluded from the home builder’s warranty any defects of which the owner fails to give the builder the required notice under the NHWA. The legislature decided the builder should not be responsible for defects of which he was never made aware and never given the chance to remedy in accordance with the standards of the NHWA. Without notice of defects, the builder is deprived of the more economically sound and judicially effi-
 
 *871
 
 dent alternative, i.e., the opportunity to cure the defects, an alternative in accord with the legislative intent to promote commerce and stability. In such a case, not only is the owner precluded from recovery under the NHWA, he is also precluded from any other theory of recovery because the NHWA provides the exclusive remedy between owners and new home builders. Thus, the applicability of the NHWA is not waived in such a case, it still applies as it is the exclusive remedy, but this type of defect is excluded from the builder’s warranty as a penalty of the failure to give notice.
 
 Carter v. Duhe,
 
 921 So.2d 963 (La.2006) at pg. 968.
 

 The Court would note, also, that failure to give notice negated any ability of the plaintiff to inspect and determine whether the allegations of defective work were true. Once defendants immediately started construction and allegedly repairing the conditions, both the ability of defendants to inspect the construction for the alleged defects and their ability to make more cost effective repairs was negated. Admittedly, | nplaintiff did not give the notice at closing that is required by the statute. However, the Supreme Court in
 
 Carter. Ibid.,
 
 specifically held that, although there was a remedy in favor of the builder for failure to give notice, there was not any penalty provided when the builder failed to give notice at closing. The Court found that Louisiana Civil Code Art. 5 provides that failure to have knowledge of the law does not affect the validity. The builder’s notice deals with knowledge of law while the notice by the owner is not a notice of law but of factual allegations.
 
 Ibid,
 
 at pg. 969.
 

 Since the [NHWA] is the exclusive remedy against the builder
 
 (Ibid.)
 
 and the owner notice under La. R.S. 9:3145 was not given, the reconventional demand relating to construction defects is dismissed.'
 

 The Court renders judgment in favor of the plaintiff for $45,339.44 plus interest from date of judicial demand until paid. Costs are taxed to defendants. There was no open account and attorney fees are denied. [Footnote omitted.]
 

 After a thorough review of the evidence in this case, we agree with the essential factual findings provided in the trial court’s reasons for judgment. However, we disagree with the trial court’s finding that the Thigpens’ sole remedy in this case was the NHWA.
 
 See Thorn v. Caskey,
 
 32,310, pp. 5-7 (La.App. 2 Cir. 9/22/99), 745 So.2d 653, 658 (holding that NHWA was not the exclusive remedy available to purchasers in their action against builder based on builder’s failure to complete construction of home, and purchasers could bring breach of contract claim as well as claim under NHWA).
 

 With regard to the Thigpens’ NHWA claim, we agree with the trial court’s finding that the Thigpens’ failure to give notice under La. R.S. 9:3145 precludes this claim. Moreover, concerning the breach of contract claim, we note the trial court made specific findings of fact that the Thigpens breached the contract with Jenkins without justification. Therefore, the Thigpens are left with no remedy in breach of contract.
 

 We are convinced that the findings of the trial court are reasonable in light of the record in its entirety. We find no manifest or reversible error in the trial court’s determination that Jenkins is entitled to $45,339.44 plus interest from the date of judicial demand until paid.
 

 LDECREE
 

 For the above and foregoing reasons, we affirm the judgment of the trial court. All
 
 *872
 
 costs associated with this appeal are assessed against defendants/appellants, the Thigpens. We issue this memorandum opinion in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.1 B.
 

 AFFIRMED.
 

 CARTER, C.J., concurs.
 

 GUIDRY, J., concurs in the result.