55 So.3d 970 (2011)
PARAGON LOFTS CONDOMINIUM OWNERS ASSOCIATION, INC.
v.
PARAGON LOFTS, L.L.C., Ekistics, Inc., Edifice Construction Company, The Roof Doctors and Minerit, Inc.
No. 2010-CA-0419.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 2011.
*971 Raymond R. Egan, III, Lauren Fajoni Bartlett, George D. Fagan, Catherine L. Davidson, Leake & Andersson, L.L.P., New Orleans, LA, for Plaintiff/Appellant.
Andrew A. Braun, Mark T. Mahfouz, Gieger, Laborde & Laperouse, L.L.C., New Orleans, LA, for Royal Commercial Construction, Inc.
Mark W. Verret, Brett M. Bollinger, Dax C. Foster, Allen & Gooch Metairie, LA, for Pontchartain Mechanical Company, Inc.
James M. Benson, Ungarino & Eckert, Metairie, LA, for Ekistics, Inc.
Wade A. Langlois, III, Gevin P. Grisbaum, Gaudry Ranson Higgins & Gremillion, *972 LLC, Gretna, LA, for Edifice Construction, Inc.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge ROLAND L. BELSOME, Judge PAUL A. BONIN).
ROLAND L. BELSOME, Judge.
This lawsuit was initiated by The Paragon Lofts Condominium Owners Association, Inc. (Condo Association) on March 11, 2002, alleging damages resulting from construction defects relating to the conversion of the building into condominium units. The original named defendants were The Paragon Lofts, ekistics, Inc., The Roof Doctor, Inc., Minerit, Inc., and Edifice Construction, Inc. The first petition filed asserted claims of breach of warranty and redhibition for structural defects in roof and exterior walls leading to water intrusion.
On July 29, 2003, a supplemental and amending petition was filed naming additional defendants related to the claims of water intrusion from the roof and exterior walls. A second supplemental and amending petition named two insurers but made no new allegations regarding damages. In a third supplemental and amending petition, filed on October 30, 2009, the Condo Association named Schiro Del Bianco Enterprises, Inc., Pontchartrain Mechanical Company, Inc., and Royal Commercial Construction, Inc. and their insurers. The third supplemental and amending petition also asserted claims of defective construction of bathrooms and showers. The newly added parties were subcontractors who allegedly performed the faulty bathroom and shower work for the contractor Edifice.
Edifice filed an exception of peremption claiming that the breach of warranty claims for the bathrooms and showers were perempted under the New Home Warranty Act (NHWA). After hearing arguments, the trial court granted Edifice's exception of peremption and dismissed the bathroom/shower claims asserted by the Condo Association. No written reasons were assigned to the trial court's ruling. The Condo Association filed a motion for reconsideration or alternatively for a new trial, which the trial court denied. The trial court certified the judgment as final and appealable.
Afterwards, the Condo Association moved the trial court to amend its judgment to also include the dismissal of the bathroom/shower claims asserted against Schiro, Pontchartrain Mechanical and Royal Commercial, who had not joined in the exception filed by Edifice. The trial court drafted an amended judgment adding the additional parties. Louisiana law allows for the amendment of final judgments under limited circumstances. La. C.C.P. art. 1951. A final judgment may be amended by the trial court on the motion of any party or on its own motion, at any time to alter the phraseology, but not the substance, of the judgment or to correct errors of calculation. Id. Thus, a judgment may be amended by the court only if the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La. 1978).
Although the Condo Association couched the amendment to the judgment as a change in phraseology, rewriting a judgment to include additional parties clearly adds to the judgment and is therefore substantive. There are three methods by which a trial court can make a substantive change in a judgment: 1) the timely motion for new trial; 2) timely appeal; or 3) petition or action for nullity. Webster v. Boh Bros. Const. Co., Inc., 603 So.2d 761 (La.App. 4th Cir.1992). When the trial court does not follow the one of *973 the prescribed methods for making a substantive amendment to a judgment, the amended judgment is an absolute nullity. Francis v. Lafon Nursing Home of the Holy Family, 02-1863 (La.App. 4 Cir. 3/19/03), 840 So.2d 1281. In this case, the trial court denied the motion for new trial and later amended the judgment. Accordingly, we find the amended judgment, dated January 14, 2010, is an absolute nullity. The original judgments rendered on November 16, 2009 and January 5, 2010, which make final the dismissal of the bathroom/shower claims asserted against Edifice, are hereby reinstated.[1]
On appeal the Condo Association sets forth four assignments of error: 1) the trial court incorrectly determined that the amended claims did not "relate back" to the Association's original petition; 2) the trial court incorrectly applied the law in effect on the date the construction defects were discovered instead of the conversion date which was held by the trial court and this court to be the warranty commencement date; 3) the trial court violated plaintiff's due process by retroactively applying procedural changes to the warranty periods when such application effectively deprived the plaintiff of vested rights; and 4) the trial court violated plaintiff's due process by retroactively applying substantive changes in the Louisiana New Home Warranty Act (NHWA).
By peremptory exception, the defendant argues that plaintiffs' bathroom/shower claims under the New Home Warranty Act have prescribed and are hereby perempted pursuant to the provisions of La. R.S. 9:3144 and 9:3146.
The New Home Warranty Act governs the exclusive remedies, warranties and prescriptive periods as between a builder and owner relative to home construction. La. R.S. 9:3150. The NHWA was originally enacted in 1986 and amended in 1997, 1999, 2001, and 2003. The amendments to the NHWA at issue in this appeal are the passage of Acts 2001, No. 179 § 1,[2] in which a peremptive period was substituted for the stated prescriptive period and the change in the warranty period provided in La. R.S. 9:3144 A(3).[3]
By definition under the NHWA, the "warranty commencement date" referenced in La. R.S. 9:3144 is the date that legal title is conveyed to the initial purchaser or the date that the home is first occupied, whichever occurs first. La. R.S. 9:3143(7). The Condo Association has asserted the commencement date of the warranty is March 12, 2001.[4] The courts have consistently held that the warranties afforded the buyer are those in effect on the "warranty commencement date." See, Hutcherson v. Harvey Smith Construction, *974 Inc., et al, 08-1046, p. 5 (La. App. 1 Cir. 2/13/09), 7 So.3d 775, 778 (citing Barnett v. Watkins, 06-2442 (La.App. 1 Cir. 9/19/07), 970 So.2d 1028, 1034, writ denied, 07-2066 (La. 12/14/07), 970 So.2d 537; see also Eiswirth v. Anthony L.Golemi, Contractor, Inc., 03-1065 (La.App. 5 Cir. 12/30/03) 864 So.2d 792. Therefore, the Condo Association is protected by a ten-year warranty period for major structural defects.
Next, we must determine the correctness of the trial court's finding that the peremptive period imposed by Acts 2001 applies retroactively.[5] Prior to that amendment, La. R.S. 9:3146 was titled "Prescription" and provided:
Any action to enforce any warranty provided in this Chapter shall prescribe thirty days after the expiration of the appropriate time period provided in R.S. 9:3144.
La. R.S. 9:3146 (West 2000) (emphasis added).
After the passage of Acts 2001, La. R.S. 9:3146 is titled "Peremption" and states:
Any action to enforce any warranty provided in this Chapter shall be subject to a peremptive period of thirty days after the expiration of the appropriate time period provided in R.S. 9:3144.
La. R.S. 9:3146 (emphasis added).
Generally, statutes of limitation are accorded retroactive application so long as it does not divest a plaintiff of his vested right in his cause of action. Lott v. Haley, 370 So.2d 521, 523 (La.1979). In Metairie III v. Poche' Construction, Inc., 10-353 (La.App. 4 Cir. 9/29/2010), 49 So.3d 446, this Court explained what establishes a party's vested right in his cause of action:
"[u]nder Louisiana law, a cause of action accrues when a party has the right to sue." Patriot American Hospitality Partnership, LP v. Mississippi Land Holdings, Inc., 2006-0601, p. 5 (La.App. 4 Cir. 12/13/06), 948 So.2d 249, 252. Fault, causation, and damages are required for a cause of action to accrue. Owens v. Martin, 449 So.2d 448, 451 (La.1984). "Once a party's cause of action accrues, it becomes a vested property right that may not constitutionally be divested." Cole v. Celotex Corp., 599 So.2d 1058, 1063 (La.1992). "Damage is sustained for the purposes of prescription when it has manifested itself with sufficient certainty to support the accrual of a cause of action." Bell v. Glaser, 2008-0279, p. 5 (La.App. 4 Cir. 7/1/09), 16 So.3d 514, 517. "Where a claimant has suffered some but not all damages, prescription runs from the day on which he suffered actual and appreciable damages even though he may thereafter realize more precise damages." Id.

Metairie, III, supra, p. 6, 49 So.3d 446.
The Condo Association relies on the Eiswirth case in support of its position that the peremptive period was incorrectly applied retroactively by the trial court. Eiswirth, supra. The Eiswirth plaintiffs filed suit against their contractor under the NHWA. Id. The Eiswirths' action came into existence and suit was filed prior to the amendment of the statute. Id. Under those circumstances, the court found that retroactively applying the peremptive period would divest the Eiswirths of a right that had already accrued. Id.
Contrarily, in the instant case, the action to enforce the warranty provisions of the NHWA in relation to the bathroom/shower *975 claims did not come into existence until sometime in 2008. By that time the statute had been amended to provide for the peremptive period. Therefore, we find that unlike the Eiswirths, the Condo Association had not accrued a cause of action for the bathroom/shower claims prior to the effective date of the peremption provision. Thus, applying the peremptive period retroactively does not affect a vested right. Furthermore, because peremptive periods cannot be suspended or interrupted, the filing of the original suit has no bearing on the newly asserted bathroom/shower claims. See, Naghi v. Brener, 08-2527 (La.6/26/09), 17 So.3d 919.
In conclusion, we find the trial court erred in rendering an amended judgment to include additional parties that had not joined in the peremptory exception and motion to dismiss filed by Edifice. Therefore the amended judgment was an absolute nullity. We further find that the peremptive period provided for in La. R.S. 9:3146 applies retroactively to the Condo Association's bathroom/shower claims. Additionally, we conclude that the warranty periods applicable to the Condo Association's claims are the ones that were in effect on the date of commencement. Thus, the ten-year warranty for major structural defects has not expired. It is unclear from the record and judgment what warranty period(s) was considered in dismissing the bathroom/shower claims. Likewise, we are also unable to ascertain from the record if the bathroom/shower claims rise to the level of major structural defects as contemplated by La. R.S. 9:3144.
Based on this Court's findings, a remand for rehearing is warranted. Accordingly, we reverse the trial court's ruling granting Edifice's peremptory exception and motion to dismiss plaintiff's shower/bathroom claims. This matter is remanded for further proceedings to specifically address whether the ten-year warranty period applicable to major structural defects encompasses the bathroom/shower claims asserted by the Condo Association.
REVERSED AND REMANDED.
BONIN, J., concurs with reasons.
BONIN, J., concurs with reasons.
I respectfully concur in the result which reverses the trial court's sustaining of the peremptory exception of peremption and remands the case for further proceedings. If the New Home Warranty Act (La. R.S. 9:3141 et seq.) applies to the plaintiff's cause(s) of action, then I agree that the warranty periods in effect as of the warranty commencement date, see La. R.S. 9:3143(7), are controlling and that the thirty-day period following the expiration of the applicable warranty period is peremptive and not prescriptive, see La. R.S. 9:3146. I write separately, however, to express my reservation about whether the New Home Warranty Act is even applicable.
Based upon the materials before us in the record, this is not a new structure. A hundred-year old warehouse was converted to condominiums for residential use. And the Act itself provides the following definition for "home":
"Home" means any new structure designed and used only for residential use, together with all attached and unattached structures, constructed by the builder whether or not the land was purchased from the builder. Such term includes structures containing multiple family dwellings or residences.
La. R.S. 9:3143(3) (emphasis added). Thus, the builder's warranty under the Act extends only to a "new structure designed and used only for residential use". See La. R.S. 9:3143(1).
*976 Then, even if the Act were stretched to cover the new construction in this old warehouse, because there is no allegation that the condominium association is the "owner" of the home, I struggle to discern how the condominium association has a cause of action against the builders. Last year, in that regard, a panel of this court explained in its denial of a condominium association's application for supervisory review that a condominium association "cannot pursue legal remedies under the [Louisiana New Home Warranty Act]" because the warranties are solely between builder and owner and the owner is defined under La. R.S. 9:3146(3) as "the initial purchaser of a home and any of his successors in title, heirs, invitees, or assigns to a home". Marseilles Homeowners Condominium Assn., Inc. v. Broadmoor, L.L.C., 2010-0524 (La.App. 4 Cir.5/26/10) (unpub.).[1] Because the matter is being remanded to the trial court, where the issue may be noticed on the court's own and an appropriate remedy fashioned if this condominium association is not an owner under the Act, I see no need to further address the matter on appeal. See La. C.C.P. arts. 927 B and 934.
NOTES
[1] The January 5, 2010 judgment was designated final and appealable pursuant to La. C.C.P. art. 1915, providing this Court with proper jurisdiction.
[2] Acts 2001, No. 179 § 1 became effective on May 31, 2001.
[3] Prior to the 2001 amendment, 9:3144 A(3) provided:

Ten years following the warranty commencement date, the home will be free from major structural defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards. (emphasis added).
Then, in the 2001 amendment, the ten-year warranty period on major structural defects was changed to a seven year warranty period. Provision A(3) of 9:3144 was again amended by Acts 2003, No. 333 § 1, which reduced the warranty time on major structural defects to five years.
[4] The correctness of this date is not an issue before this Court. This is the date taken from the face of the petition and by reference of the trial court.
[5] Because there are no transcripts of the hearings or reasons for judgment, it is unclear what specific findings the trial court made. However, the granting of the exception of peremption indicates a retroactive application of La. R.S. 9:3146.
[1] The panel consisted of Jones, Lombard and Love, JJ. The application, opposition, and disposition are all available in the office of the Clerk of this Court.