DANIEL L. DYSART, Judge.
| jThis appeal concerns an award of damages and attorney’s fees granted to plaintiffs, Sonjia Joseph, wife of and Dale Joseph, under the New Home Warranty Act. For the reasons that follow, we affirm in part, reverse in part and remand.
FACTS AND PROCEDURAL HISTORY
Certain facts in this case are undisputed and the parties entered into a Joint PreTrial Stipulation of those facts. Plaintiffs-appellees, Sonjia and Dale Joseph (hereinafter “the Josephs”), purchased a lot from the defendants-appellants, Campanella and Trudy Kent (hereinafter “the Kents”) and thereafter entered into a contract with the Kents dated January 4, 1999, for the construction of a home. Construction of the home was completed in November, 1999.
By letter dated August 30, 2000, the Josephs informed the Kents of thirteen alleged defects in the home.[1] The identical list of alleged defects was again sent to | ¡¿he Kents on October 3, 2000. Thereafter, on April 3, 2001, then-counsel for the Josephs sent then-counsel for the Kents a list of twelve alleged defects.[2]
On November 6, 2000, the Josephs filed a Petition for Damages, seeking to recover the cost of repair of the alleged defective items in the home. A First Supplemental and Amending Petition was then filed on May 28, 2002, which added two paragraphs: one claiming “additional defects in the home” and a second alleging that plaintiffs are entitled to non-pecuniary damages under La. C.C. art. 1998. The Kents moved to strike these paragraphs and by Consent Judgment dated July 24, 2006,' the Motion to Strike was granted whereby both paragraphs of the Supplemental and Amending Petition were stricken. The record contains no further amending pleadings.
This case proceeded to a trial on the merits on April 20, 2011. By judgment dated May 18, 2011, the trial court awarded the Josephs $35,559.65 in actual damages, non-pecuniary damages in the amount of $10,000 per plaintiff, unspecified *449 attorney’s fees, legal interest and all costs in the proceedings. It is from this judgment that the Kents now appeal.
DISCUSSION
A. Standard of review
In the context of the New Home Warranty Act (hereinafter “NHWA”), our jurisprudence sets forth the following standard of review:
The trial court’s factual findings in cases involving the NHWA are subject to manifest error review. An |aappeIIate court cannot set aside the trial court’s factual findings unless it determines there is no reasonable factual basis for the findings and the findings are clearly wrong. Thus, if the findings are reasonable in light of the record reviewed in its entirety, this court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently, (citations omitted).
Hutcherson v. Harvey Smith Const., Inc., 2008-1046, pp. 3-4 (La.App. 1 Cir. 2/13/09), 7 So.3d 775, 778. Furthermore, when an appellate court reviews a damage award made pursuant to the NHWA, it may not set aside the award made by the trier of fact absent an abuse of discretion. Graf v. Jim Walter Homes, Inc., 97-1143 (La.App. 1 Cir. 5/15/98), 713 So.2d 682, 691.
B. Damages under the NHWA
In their first and second assignments of error, the Kents maintain that (1) the trial court erred in awarding damages for alleged defects in the home, outside of those of which they were notified in August, 2000 (and October, 2000),[3] and that (2) the trial court erred in concluding that the alleged defects were .proven at the trial to be “defective” under the NHWA.
The NHWA was enacted in 1986 for the express purpose of promoting commerce by “providing clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana ...” La. R.S. 9:3141. As it pertains to this matter, the NHWA provides that “every builder warrants [that] ... one year following the warranty commencement date, the home will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.” La. R.S. 9:3144(A)(1). The NHWA defines the “warranty commencement date” as “the date 14that legal title to a home is conveyed to the initial purchaser or the date that the home is first occupied, whichever occurs first.” La. R.S. 9:3143(7).
Notably, the NHWA excludes from the builder’s warranty “[a]ny defect not reported in writing by registered or certified mail to the builder ... prior to the expiration of the period specified in Subsection A of this Section for such defect plus thirty days.” La. R.S. 9:3144(B)(16).[4]
In this matter, there is no dispute, and the parties in fact stipulated, that construction of the home was completed in November, 1999. The record does not demonstrate when legal title was conveyed to the Josephs or when the home was first occupied. For our purposes, we will consider the “warranty commencement date” to be some time in November, 1999, as *450 that is the time period specified by the Petition for Damages during which “the home was delivered to petitioners.”
An action to enforce any warranty under the NHWA “shall be subject to a preemptive period of thirty days after the expiration of the appropriate time period provided in La.R.S. 9:8144.” La. R.S. 9:3146. At the time this lawsuit was filed, La. R.S. 9:3146 provided a prescriptive, rather than a peremptive, period, stating: “[ajny action to enforce any warranty provided in this Chapter shall prescribe thirty days after the expiration of the appropriate time period provided in R.S. 9:3144.” La. R.S. 9:3146 (West 2000) (emphasis added).
Causes of action accruing before this amendment are subject to the prescriptive period set forth in La. R.S. 9:3144. See, e.g., Paragon Lofts Condominium Owners Ass’n, Inc. v. Paragon Lofts, L.L.C., 52010-0419 (La.App. 4 Cir. 1/14/11), 55 So.3d 970; writ denied, 2011-0314 (La.4/1/11), 60 So.3d 1254; Eiswirth v. Anthony L. Golemi, Contractor, Inc., 03-1065 (La.App. 5 Cir. 12/30/03), 864 So.2d 792. Conversely, causes of action arising after the enactment of this amendment are subject to the preemptive period of La. R.S. 9:3146, as amended in 2001. See: Paragon Lofts, supra.
In Paragon Lofts, a suit for construction defects filed in 2002 under the NHWA, the plaintiffs amended their suit seven years after its commencement to add new claims for defective showers and bathrooms. There, this Court noted:
... the action to enforce the warranty provisions of the NHWA in relation to the bathroom/shower claims did not come into existence until sometime in 2008. By that time the statute had been amended to provide for the peremptive period. Therefore, we find that unlike the Eiswirths, the Condo Association had not accrued a cause of action for the bathroom/shower claims prior to the effective date of the peremption provision. Thus, applying the peremptive period retroactively does not affect a vested right. Furthermore, because peremp-tive periods cannot be suspended or interrupted, the filing of the original suit has no bearing on the newly asserted bathroom/shower claims.[5]
Id., p. 6, 55 So.3d at 974-975 (citation omitted).
In the instant matter, as noted, the warranty commencement date was some time in November, 1999.[6] There is no dispute that the Josephs timely provided written notice of certain alleged defects in the home within the NHWA’s one-year period for defects due to noncompliance with the building standards or defects in materials or workmanship. The parties stipulated that notice of these alleged defects was given in August and again in October, 2000.
| (/Thereafter, by letter dated April 3, 2001 (some 17 months after the warranty commencement date but prior to the May 31, 2001 effective date of the amendment to La. R.S. 9:3146), the Josephs, through their attorney, notified the Kents of additional alleged defects (children’s tub leak and fireplace damper). The Josephs claim that they verbally advised the Kents of further defects; however, the record is silent as to what those alleged defects were or when the Kents were notified of these additional alleged defects. The par *451 ties agree, though, that the Josephs provided an estimate of repairs to the Kents at a hearing on May 16, 2003 which covers the remaining alleged defects (itemized as numbers 12-20). The record does not reflect any earlier written notice of the alleged defects, numbered 12-20.
At trial, the only witnesses were the Josephs and Campanella Kent; no expert witnesses were called. The trial court, after hearing the testimony of the parties, agreed with the Josephs as to all of their claimed items of damage, including all damages associated with the alleged defects of which the Kents were notified in writing no earlier than May 16, 2003.
In their appellate brief, the Kents concede that the alleged defects reported in August and October, 2000 are subject to the NHWA. They argue, however, that these times are not “defects” within the meaning of the NHWA, as the trial court found. While we believe that the majority of these alleged “defects” appear to be typical of “punch lists” items commonly used in new construction to identify items that need to be completed or repaired, we are not prepared to conclude that the trial court abused its discretion in awarding damages to the Josephs for these items of repair. The Josephs’ claims for these defects were timely made under the NHWA and we affirm that portion of the trial court’s judgment.
17With respect to those items of which the Kents were notified in writing in May, 2003, based upon the record, we find that the Josephs’ cause of action for those items accrued after the May 31, 2001 amendment to La. R.S. 9:3146. They are, therefore, subject to the NHWA’s three year preemptive period. As we noted in Paragon Lofts, supra, “because peremp-tive periods cannot be suspended or interrupted, the filing of the original suit has no bearing on the newly asserted” claims in this action. Id., p. 6, 55 So.3d at 975. We pretermit a discussion as to whether any of those claims fall within the NHWA or whether the Josephs met their burden of proving that these items are “defects” covered by the NHWA.
We note that all of the checks submitted as evidence of payment for repairs by the Josephs are dated 2004 (with the exception of one dated in 2007). We further note that the proposals for work to be performed by Xquisite, the contractor hired by the Josephs, are dated 2004 (the dates are incomplete). It is unclear from the record what amount the Josephs paid for repair costs attributable to the list of defects provided to the Kents in 2000 and April, 2001. We therefore remand this matter to the trial court to determine the appropriate award of damages.
C. Non-pecuniary damages under the NHWA
In their third assignment of error, the Kents submit that the trial court erred in awarding each plaintiff $10,000 in non-pecuniary damages. We agree.
As the record establishes, the claim for non-pecuniary damages was set forth in the Josephs’ First Supplemental and Amending Petition.[7] That claim was the subject of a Motion to Strike filed by the Kents. By way of a “Consent Judgment on Rule,” signed by the court on July 24, 2006, that claim was stricken from the 18record. The record reflects that no further amending petition was filed and therefore, there is no viable claim for non-pecuniary damages in this lawsuit.
D. Attorney’s fees
The trial court’s judgment awards “attorney’s fees.” Neither party denies *452 that an award of attorney’s fees is permissible under the NHWA. The Kents, however, contend that the trial court erred in failing to conduct a hearing on the reasonableness of an award of attorney’s fees or allowing the admission of the attorney’s fee bill at trial as it had not been submitted to the Kents prior to the trial date.
We note that, while the trial court’s Reasons for Judgment provide a monetary amount in attorney’s fees, the trial court’s judgment is silent as to the fees and merely awards “attorney’s fees.” The Supreme Court recently reiterated the “ ‘well-settled rule that the district court’s oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment.’ ” Wooley v. Lucksinger, 2009-0571, p. 77 (La.4/1/11), 61 So.3d 507, 572, quoting Bellard v. American Cent. Ins. Co., 2007-1335, p. 25 (La.4/18/08), 980 So.2d 654, 671 and Greater New Orleans Expressway Commission v. Olivier, 2002-2795, p. 3 (La.11/18/03), 860 So.2d 22, 24.
While we agree that the Josephs are entitled to an award for attorney’s fees under the NHWA, no such award was made in the judgment appealed. Accordingly, the issue is not properly before us.
CONCLUSION:
Based upon the foregoing, we affirm the trial court’s finding that the Kents are liable for the repair costs of which they were notified in August and October, 2000, and in April, 2001. We reverse the trial court’s finding that the Kents are | pliable for any other damages. We further reverse the trial court’s award for non-pecuniary damages and remand this matter for further action consistent with this decision.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED

. The original list contains thirteen alleged defects; however, at trial, the Kents testified that they are claiming only items 1-11 of that list.

. We note that item 10 on the original list (the "[t]ub surround has been inaccurately installed in the children’s bath”) was amended in the list of alleged defects included in the April 3,2001 letter to read as follows: '‘[t]he tub in the children’s bathroom leaks.” We also note that item 12 in this latter list was changed to add an altogether new item — the ”[d]amper on the Fireplace [which] blew off during a strong wind” and the Kents are claiming this as an additional defect.

. In their appellate brief, the Kents mistakenly refer to the dates of these notices as “August 30, 1999” and "October 3, 1999.”

. Under La. R.S. 9:3145, the NHWA requires the owner to give the builder "written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and giving the builder a reasonable opportunity to comply with the provisions of this Chapter.”

. The Court remanded the case to determine which warranty period applied to the defective bathroom/shower claims.

. The specific warranty commencement date is not evident from the record; however, the lack of a specific date is immaterial to the issues in this action.

. The original Petition for Damages contains no claim for non-pecuniary damages.